[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 224.]

CUYAHOGA COUNTY BAR ASSOCIATION *v*. CICIRELLA.

[Cite as *Cuyahoga Cty. Bar Assn. v. Cicirella*, 2002-Ohio-643.]

*Attorneys at law—Misconduct—Indefinite suspension—Neglect of an entrusted legal matter—Failing to maintain complete records of all client funds coming into lawyer's possession and render appropriate accounts thereof—Failing to promptly deliver to client funds or property to which client is entitled—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct prejudicial to the administration of justice—Engaging in conduct adversely reflecting on fitness to practice law—Neglecting or refusing to assist or testify in a disciplinary investigation or hearing—Previous suspension from practice of law.*

(No. 01-1582—Submitted October 10, 2001—Decided January 30, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-71.

_____

*Per Curiam*.

{¶ 1} In July 1993, Eleanor Chadwell retained respondent, Leonette F. Cicirella of Bedford, Ohio, Attorney Registration No. 0042219, gave her bills and creditor correspondence, and paid her $150 to file a bankruptcy. Respondent did not file the bankruptcy, but she repeatedly advised Chadwell that everything was "okay" and that a date for hearing would be set, even though Chadwell was receiving calls from creditors. In 1998, Chadwell retained another attorney to file the bankruptcy. The new attorney was unable to retrieve Chadwell's papers or the $150 from respondent.

**{¶ 2}** After several unsuccessful attempts to contact respondent about her failure to act, relator, Cuyahoga County Bar Association, filed a complaint on August 14, 2000, alleging that respondent's failure to act or respond to relator violated several provisions of the Code of Professional Responsibility. Respondent did not answer, and the Board of Commissioners on Grievances and Discipline ("board") referred the matter to Master Commissioner Harry W. White for ruling on relator's motion for default.

**{¶ 3}** The master commissioner found the facts as stated and concluded that respondent had violated DR 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), 9-102(B)(3) (a lawyer shall maintain complete records of all funds of a client coming into the lawyer's possession and render appropriate accounts thereof), 9-102(B)(4) (a lawyer shall promptly deliver to the client funds or property to which the client is entitled), 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's fitness to practice law), and Gov.Bar R. V(4)(G) (a lawyer shall not neglect or refuse to assist or testify in an investigation or hearing).

**{¶ 4}** The master commissioner further found as an aggravating circumstance that we had previously suspended respondent from the practice of law for two years, with one year stayed, for neglecting an entrusted legal matter. *Cleveland Bar Assn. v. Cicirella* (1999), 86 Ohio St.3d 544, 715 N.E.2d 1131, and that in April 2000, we held respondent in contempt for failure to comply with the terms of the order of suspension. *Cleveland Bar Assn. v. Cicirella* (2000), 88 Ohio St.3d 1463, 726 N.E.2d 1001. The master commissioner recommended that respondent be indefinitely suspended from the practice of law in Ohio. The board adopted the findings, conclusions, and recommendation of the master commissioner.

{¶ 5} On review of the record, we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

———————————

**COOK, J., dissenting**.

{¶ 6} I respectfully dissent. The majority's imposition of an indefinite suspension inadequately takes into account such aggravating factors as respondent's prior disciplinary offenses, her repeated failure to cooperate in the investigation of grievances, and her disregard for the orders of this court. See Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline of the Supreme Court, Section 10(B)(1), Guidelines for Imposing Lawyer Sanctions. I would disbar respondent.

———————————

*Steven L. Gardner, Martha H. Krebs* and *Stanley E. Stein,* for relator.

———————————