[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 495.]

CINCINNATI BAR ASSOCIATION *v*. FORG.

[Cite as *Cincinnati Bar Assn. v. Forg*, 2002-Ohio-6727.]

*Attorneys at law—Misconduct—One-year suspension with six months of suspension stayed on condition—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Neglect of an entrusted legal matter—Failing to maintain client's funds in an identifiable bank account separate from attorney's funds and using the funds for attorney's own purposes—Failing to render an appropriate account of client's funds—Failing to promptly pay or deliver to client funds or other property in attorney's possession that client is entitled to receive.*

(No. 2002-1463—Submitted October 15, 2002—Decided December 18, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-97.

————————————

**Per Curiam.**

{¶1} In this case, we sanction an attorney who seriously neglected a client's case, used her client's funds as her own, did not communicate with her client, and failed to return the client's case file or funds on request. The Board of Commissioners on Grievances and Discipline found that respondent, E. Farran Forg, also known as Elizabeth Farran Forg, of Cincinnati, Ohio, Attorney Registration No. 0061123, committed these acts and thereby violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 6-101(A)(3) (neglecting an entrusted legal matter); DR 9-102(A) (failing to maintain the client's funds in an identifiable bank account separate from the lawyer's funds and using the funds for the lawyer's own purposes); DR 9-102(B)(3) (failing to render an appropriate account regarding a

client's funds); and DR 9-102(B)(4) (failing to promptly pay or deliver to the client, as requested, funds or other property in the possession of the lawyer that the client is entitled to receive). The board recommended that respondent be suspended from the practice of law in Ohio for one year with six months of the suspension stayed. We agree that the recommended sanction is appropriate.

{¶2} In March 2001, respondent's client retained respondent to represent her in a dissolution of marriage and paid respondent a retainer of $1,000 and court filing fees of $250. Respondent initially deposited the funds in her client trust account, but used the funds for her own purposes, including an April 16, 2001 payment of $500 to the United States Treasury.

{¶3} In May, June, and July, respondent's client telephoned about her case, but respondent did not return the calls. Her client also sent letters to respondent in May and June 2001, but respondent did not reply to these letters. Moreover, on July 3, 2001, counsel for her client's husband sent respondent a settlement proposal and a related actuarial report, but she failed to send either the report or the settlement offer to her client. Shortly thereafter, respondent's client sent respondent a certified letter that detailed respondent's failure to communicate, asked for a response, and requested that the retainer and filing fee be returned. Respondent failed either to respond or return her client's funds.

{¶4} On July 23, respondent's client notified respondent, via a certified letter, that she had discharged respondent. Her client also requested an itemized statement of respondent's time and expenses and a return of her file, the retainer, and the filing fee. On October 15, 2001, after receiving notice of her client's grievance, respondent refunded the retainer and the filing fee. But respondent did not return the case file to her client.

{¶5} Relator, Cincinnati Bar Association, filed a complaint on December 10, 2001, charging respondent with violations of the Code of Professional

Responsibility. Respondent was served with the complaint but did not answer, and relator filed a motion for default.

{¶6} A master commissioner assigned by the board reviewed the evidence, found the facts as stated, and concluded that respondent had violated the cited Disciplinary Rules. In recommending a sanction, the master commissioner found no aggravating factors and considered as mitigating the fact that respondent had refunded $1,250 to her client after her client had contacted relator. The master commissioner recommended a one-year suspension from the practice of law with six months of the suspension stayed. The board adopted the master commissioner's findings of misconduct and recommended sanction.

{¶7} We agree that respondent violated DR 1-102(A)(4), 6-101(A)(3), 9-102(A), 9-102(B)(3), and 9-102(B)(4). In view of respondent's return of all fees to her client and the fact that this is a single incident of misconduct, we also agree with the board's recommendation that respondent be suspended from the practice of law for one year with six months of the suspension stayed. Accordingly, respondent is hereby suspended from the practice of law in Ohio for one year, but six months of that suspension are stayed on the condition that she commit no further violations of the Disciplinary Rules. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

Beth Silverman and David Wagner, for relator.

————————————