CINCINNATI BAR ASSOCIATION *v.* FORG.

[Cite as *Cincinnati Bar Assn. v. Forg,*
99 Ohio St.3d 429, 2003-Ohio-4079.]

(No. 2003–0704—Submitted June 4, 2003—Decided August 13, 2003.)

**Per Curiam.**

{¶ 1} Respondent, E. Farran Forg, also known as Elizabeth Farran Forg, of Cincinnati, Ohio, Attorney Registration No. 0061123, was admitted to the practice of law in Ohio in May 1993. On December 18, 2002, we suspended respondent's license for one year, staying six months of this sanction, because she neglected a client's case and used the client's funds as her own. *Cincinnati Bar Assn. v. Forg,* 97 Ohio St.3d 495, 2002-Ohio-6727, 780 N.E.2d 582. On August 12, 2002, relator, Cincinnati Bar Association, filed a complaint charging that respondent violated DR 6–101(A)(3) by neglecting a second client's case and Gov.Bar R. V(4)(G) by failing to cooperate in the investigation of that misconduct. Respondent was served the complaint but did not answer, and relator moved for default pursuant to Gov.Bar R. V(6)(F). The Board of Commissioners on Grievances and Discipline ("board") appointed a master commissioner to consider the motion and make findings of fact, conclusions of law, and a recommendation.

{¶ 2} The master commissioner found that a client had retained respondent in October 2000 to write a will, among other services, and paid her a $150 retainer. Respondent prepared a first draft that needed corrections and a second draft with which the client still was not satisfied. Respondent failed to make the requested changes and also failed to reply to the client's repeated attempts to contact her. Respondent further did not respond to two letters of inquiry sent by relator's investigator.

{¶ 3} The master commissioner concluded that respondent had thereby violated DR 6–101(A)(3) and Gov.Bar R. V(4)(G). In recommending a sanction, the master commissioner observed that this neglect began prior to the events that led to respondent's December 2002 suspension and that respondent consistently did not cooperate in either investigation or disciplinary proceeding. Moreover, no evidence suggested that respondent has refunded any of the client's $150.

{¶ 4} The master commissioner recommended that respondent be indefinitely suspended from the practice of law. The board adopted the findings of misconduct and recommendation.

{¶ 5} We agree that respondent violated DR 6–101(A)(3) and Gov.Bar R. V(4)(G) and that an indefinite suspension is appropriate. *Cuyahoga Cty. Bar Assn. v. Cicirella* (2002), 94 Ohio St.3d 224, 761 N.E.2d 1046 (indefinite suspension imposed on motion for default due to attorney's neglect, failure to maintain accounts, dishonesty, and aggravated by prior suspension for previous neglect). Respondent is therefore suspended indefinitely from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Beth Silverman and David Wagner, for relator.