CUYAHOGA COUNTY BAR ASSOCIATION *v.* PETO.

[Cite as *Cuyahoga Cty. Bar Assn. v. Peto,*
115 Ohio St.3d 421, 2007-Ohio-5250.]

(No. 2007–1058—Submitted August 14, 2007—Decided October 10, 2007.)

---

**Per Curiam.**

{¶ 1} Respondent, John G. Peto, Attorney Registration No. 0017289, whose last registered address was in Beachwood, Ohio, was admitted to the practice of law in Ohio in 1978. The Board of Commissioners on Grievances and Discipline recommends that we now suspend respondent's license to practice for one year, with a stay of the last six months on conditions. This recommendation is based on findings of misconduct, including the neglect of a client's case and failure to account for unearned fees. On review, we find that respondent violated the Code of Professional Responsibility and hold that a one-year suspension with six months stayed is appropriate.

{¶ 2} Relator, Cuyahoga County Bar Association, charged respondent in a four-count complaint with Disciplinary Rule violations, including violations of DR 6–

101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter), 7–101(A)(2) (prohibiting a lawyer from intentionally failing to carry out a contract of professional employment), and 9–102(B)(4) (failing to promptly deliver requested funds and other property to which a client is entitled). The board attempted to serve respondent with notice of the complaint by certified mail at the address on file with this court's Attorney Registration Section, but the notice was returned unclaimed. The board then served notice of the complaint on the clerk of the Supreme Court under Gov.Bar R. V(11)(B) (clerk is agent for service of notice when a lawyer conceals his or her whereabouts).

{¶ 3} Respondent did not answer the complaint, and relator moved for default under Gov.Bar R. V(6)(F). A master commissioner appointed by the board granted the motion, finding that respondent had committed the cited misconduct [1] and recommending the one-year suspension and six-month stay. The board adopted the findings of misconduct and recommendation.

## Misconduct

{¶ 4} A woman hired respondent in October 2005 to help her pursue criminal charges against the assailant who sexually assaulted her daughter. She paid respondent $600 for his services and provided him materials to document the crime.

{¶ 5} This court suspended respondent's license to practice from December 2, 2005, until March 22, 2006, for his failure to comply with attorney-registration requirements. Respondent did nothing for his client and her daughter before the suspension and continued to neglect their interests after his reinstatement. Respondent has not spoken with the client since early May 2006. In mid-May 2006, the client asked for the return of her case file and an accounting of the funds that she had paid respondent. Respondent has not provided the file or accounted for his fees.

{¶ 6} The board found that respondent violated DR 6–101(A)(3), 7–101(A)(2), and 9–102(B)(4) by abandoning his client and ignoring requests for her file and an accounting. We adopt these findings of misconduct.

## Sanction

{¶ 7} The master commissioner and board recommended that respondent be suspended from practice for one year and that six months of this suspension be stayed on the condition that he make restitution to his client. We accept this

---

1. The master commissioner further found a violation of Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate in a disciplinary investigation), though relator offered no evidence to establish the efforts made to investigate the misconduct or how respondent did not assist in those efforts. The board adopted this finding, but we do not.

recommendation, which is consistent with *Cincinnati Bar Assn. v. Forg*, 97 Ohio St.3d 495, 2002-Ohio-6727, 780 N.E.2d 582. In *Forg,* we imposed a one-year suspension with six months stayed because a lawyer neglected a single client's case, failed to communicate with the client, and did not immediately return unearned fees or the client's case file. Moreover, the lawyer in *Forg* also did not answer the disciplinary complaint, leading to a disposition on motion for default.

{¶ 8} We therefore suspend respondent from the practice of law in Ohio for one year with six months stayed on the condition that respondent repay his client $600 within 60 days of our order. If respondent fails to comply with this condition or commits further misconduct, the stay will be lifted, and respondent will serve the full year suspension. Moreover, because respondent has already been suspended once for attorney-registration deficiencies and yet, upon reinstatement, again violated the duty to properly register and furthermore ignored a client and the disciplinary proceeding against him, we are requiring him to petition for reinstatement pursuant to Gov.Bar R. V(10)(C) through (G), rather than apply pursuant to the less rigorous process under Gov.Bar R. V(10)(A). Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER and LUNDBERG STRATTON, JJ., concur with the sanction but would not require respondent to petition for reinstatement.

———

William J. Sexton, for relator.