LAKE COUNTY BAR ASSOCIATION *v.* TROY.

[Cite as *Lake Cty. Bar Assn. v. Troy,* 121
Ohio St.3d 51, 2009-Ohio-502.]

(No. 2008–2001—Submitted November 19, 2008—Decided February 12, 2009.)

————————

**Per Curiam.**

{¶ 1} Respondent, Bartley J. Troy of Mentor, Ohio, Attorney Registration No. 0031600, was admitted to the practice of law in Ohio in 1981. The Board of Commissioners on Grievances and Discipline recommends that we suspend respondent's license to practice for one year, staying the last six months of the suspension on the condition that he pay $500 in restitution, based on findings that he failed to diligently pursue a client's defense in a civil action and to properly safeguard and account for unearned fees. We agree that respondent violated the Disciplinary Rules of the Code of Professional Responsibility as found by the

board and that a one-year suspension with six months stayed and restitution is appropriate.

## Procedural Background

{¶ 2} Relator, Lake County Bar Association, filed the instant complaint charging respondent with violations of DR 6–101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter), 9–102(A) (requiring a lawyer to maintain client funds other than advances for costs and expenses in a separate identifiable bank account), and 9–102(B)(3) (requiring a lawyer to maintain complete records and render appropriate accounts of client funds in the lawyer's possession). Respondent was served with notice of the complaint but did not answer, and relator moved for default. See Gov.Bar R. V(6)(F). The board appointed a master commissioner to consider the motion pursuant to Gov.Bar R. V(6)(F)(2).

{¶ 3} Gov.Bar R. V(6)(F)(2) allows a master commissioner to grant or deny a motion for default. If the motion is granted, the rule requires the master commissioner to prepare a certified report, including findings of fact and recommendations for a sanction, for the board's review in accordance with Gov.Bar R. V(6)(J). If the master commissioner denies the motion, the rule provides that "a hearing panel shall proceed with a formal hearing pursuant to division (G) of this section."

{¶ 4} The master commissioner in this case conducted a hearing on relator's motion for default via video conference. Respondent appeared for that proceeding; however, he did not contest the default. He instead stipulated to all allegations and charges lodged against him, and the stipulations freed the master commissioner from the obligation to refer the matter for a formal panel hearing. The master commissioner thus proceeded to the merits of the motion for default.

{¶ 5} In granting the motion for default, the master commissioner made findings of misconduct and a recommendation for a six-month suspension, stayed on the condition of no further misconduct. The board adopted the master commissioner's factual findings and conclusions of law. "[B]ased on the nature of his misconduct and treatment of his client," however, the board recommended a suspension of respondent's license for one year, with the last six months of the suspension stayed on the condition that he pay $500 in restitution.

## Misconduct

{¶ 6} In late July 2006, Lacraica Barritt engaged respondent to defend her against a former tenant's suit in Chardon Municipal Court that sought the return of a $975 security deposit, plus other damages and attorney fees. Respondent reviewed the complaint, advised that Barritt's answer was due within a few days, and said that the case would be easily resolved because he knew plaintiff's counsel. Respondent promised to file an answer promptly and then call plaintiff's

counsel to inquire about settling the case for a few hundred dollars. Barritt paid $250 of respondent's quoted $500 fee.

{¶ 7} Respondent never filed an answer. According to respondent, several days after his engagement, he instead doubled his fee without Barritt's assent and sent a letter to advise Barritt that he would not take formal action on her behalf until she paid the $1,000 in full. He claimed that he sent another letter early the next month to reiterate his demand and advise Barritt that because the answer period had expired, he would need to seek leave to file an answer on her behalf. Respondent's letter also advised that the plaintiff had filed a motion for default judgment.

{¶ 8} Barritt, who testified that she did not receive either of respondent's letters, paid him another $250 on August 15, 2006. Though respondent had not completed the work he promised to do, he nevertheless deposited both of Barritt's $250 checks into his business operating account as if he had earned these funds.

{¶ 9} Respondent did not seek leave to plead, nor did he respond to the motion for default judgment. On August 9, 2006, the municipal court entered a default judgment against Barritt. Respondent afterward failed to attend a damages hearing, and the court awarded damages in excess of $9,000 against Barritt. Barritt did not learn of the default judgment until January 2007, by which time $10,391 had already been garnished from her bank account. Respondent did not account to Barritt for or repay her $500, and she has since filed a malpractice claim against him.

{¶ 10} Respondent stipulated that he violated DR 6–101(A)(3), 9–102(A), and 9–102(B)(3) as charged. We find that respondent committed this misconduct.

## Sanction

{¶ 11} When imposing sanctions for attorney misconduct, we consider relevant factors, including the duties the lawyer violated, the lawyer's mental state, and sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. Because each disciplinary case is unique, we are not limited to the factors specified in the rule but may take into account "all relevant factors" in determining what sanction to impose. BCGD Proc.Reg. 10(B).

{¶ 12} Respondent's misconduct is commensurate with that committed by the lawyer in *Cuyahoga Cty. Bar Assn. v. Peto*, 115 Ohio St.3d 421, 2007-Ohio-5250, 875 N.E.2d 593, who failed to file criminal charges for a client whose daughter had been sexually assaulted and then never accounted to the client for his $600 fee. That lawyer also failed to answer the complaint charging him with misconduct, and a master commissioner granted the bar association's motion for default. We suspended the lawyer's license for one year and stayed six months of the suspension on the condition that he pay restitution. Because the lawyer had also repeatedly failed to comply with attorney registration requirements, we conditioned his return to practice on the filing of a petition for reinstatement and compliance with the attendant hearing and other requirements of Gov.Bar R. V(10)(C) through (G). Id. at ¶ 8.

{¶ 13} The clients in *Peto* and this case have suffered similar losses because of their attorneys' neglect and other misconduct. BCGD Proc.Reg. 10(B)(1)(h). But at least respondent ultimately appeared for the disposition of relator's motion for default and accepted responsibility for his wrongful acts and omissions. Because of this acknowledgement, we find a one-year suspension and six-month stay appropriate.

{¶ 14} Respondent is suspended from the practice of law in Ohio for one year. The last six months of the suspension are stayed on the conditions that respondent pay within 60 days of our order $500 in restitution to Barritt, with interest at the judgment rate, and commit no further misconduct during the suspension. If respondent fails to comply with the conditions of the stay, the stay will be lifted, and he will serve the entire one-year suspension.

{¶ 15} Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

James P. Koerner, for relator.

Bartley J. Troy, pro se.