COLUMBUS BAR ASSOCIATION *v.* BOGGS.

[Cite as *Columbus Bar Assn. v. Boggs,*
103 Ohio St.3d 108, 2004-Ohio-4657.]

(No. 2004–0962—Submitted June 29, 2004—Decided September 15, 2004.)

**Per Curiam.**

{¶ 1} Respondent, Kenneth Ray Boggs of Columbus, Ohio, Attorney Registration No. 0025305, was admitted to the practice of law in Ohio in 1980. On December 8, 2003, relator, Columbus Bar Association, charged respondent with having violated the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement. See Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The board accepted the panel's recommendation to adopt the agreement, including the stipulated misconduct and suggested sanction.

### Misconduct

{¶ 2} The parties stipulated and the board found that respondent had previously been disciplined for having violated DR 4–101 (barring an attorney from breaching a client's confidence). On October 19, 1988, we publicly reprimanded respondent for this misconduct. See *Columbus Bar Assn. v. Boggs* (1988), 39 Ohio St.3d 601, 529 N.E.2d 936.

{¶ 3} In this case, relator charged, along with other charges of misconduct later dropped, that respondent had failed to maintain client funds separate from his own and in an identifiable bank account, a violation of DR 9–102(A), and also did not keep complete records of client funds in his possession or render appropriate accounts, a violation of 9–102(B)(3). Relator charged these violations because in investigating two grievances, relator learned that in 2002, respondent had (1) attempted to repay a client $250 in unearned fees with a check, drawn from his trust account, that was returned for insufficient funds, and (2) failed to promptly repay money advanced in anticipation of a real estate transaction that fell through or to pay for personalty that he had purchased from the seller.

{¶ 4} Relator asked to examine financial records for respondent's trust account dating from January 1, 2001, including the trust account statements, his records of disbursements and deposits, and his general ledger. The examination yielded the following stipulations:

{¶ 5} "Respondent provided the requested records available to him, including a single check register for his trust account covering the period from 1996 to the date of turnover. Respondent informed Relator that the ledger book covering

the period from 1996 to January 2001 was destroyed when the trunk of his automobile was flooded because of a defect in the vehicle. He also stated that other trust account records were lost or stolen at the time he moved from his home because he separated from his wife. Regardless of the reason, Respondent's records were incomplete at the time of the investigation.

{¶ 6} "Relator undertook a thorough examination of all trust account records produced by Respondent for the period of December 1996 through April 2003. Relator engaged the Certified Public Accounting firm of Norman, Jones, Enlow & Company to assist Relator in reviewing Respondent's trust records.

{¶ 7} "The examination revealed, inter alia, that Respondent's available trust records were disordered, incomplete, unreconciled, often illegible, and otherwise [incapable of being] audited. Respondent, given the deficiency of his records, at all relevant times during the investigation, was unable to satisfactorily demonstrate through his available records whose money was in his trust account at any given time or what amounts pertained to which client(s).

{¶ 8} "Because he did not always record deposits in his checkbook register, Respondent could not routinely determine the balance of his trust account independent of bank statements.

{¶ 9} "Respondent did not have the means to properly account to clients whose money he held because: (a) he often failed to make notations on his checks or in his check register regarding the reason given checks were written; (b) he could not produce a ledger or other records that completely showed the intake and disposition of all trust fund withdrawals and deposits; and, (c) he did not reconcile his records with [his] bank statement.

{¶ 10} "It is not possible to determine from the available records whether or not these disbursements were proper because he wrote checks made out to himself without any notations as to the purpose of the checks.

{¶ 11} "On at least one occasion, Respondent mistakenly used his operating account as his trust account, thereby commingling trust money with his own funds. He mistakenly disbursed trust money from the operating account on at least one occasion."

{¶ 12} On these facts, the board found that respondent had violated DR 9–102(A) and 9–102(B)(3).

## Sanction

{¶ 13} In recommending a sanction for this misconduct, the board considered the mitigating and aggravating features of respondent's case. The parties stipulated that respondent had been cooperative throughout the disciplinary process and was of good character and reputation. BCGD Proc.Reg. 10(B)(2)(d) and (e). The parties also stipulated that respondent did not commit his infrac-

tions out of dishonesty or self-interest and that he had timely attempted in good faith to make restitution to the two grievants. BCGD Proc.Reg. 10(B)(2)(b) and (c). The board accepted these stipulations, including that respondent had paid the grievant-seller the $118 she claimed after the filing of relator's complaint and had earlier refunded $250 to the grievant-client. The board found as an aggravating feature the fact that respondent had previously been disciplined for professional misconduct. BCGD Proc.Reg. 10(B)(1)(a).

{¶ 14} The board recommended, consistent with the parties' and the panel's suggestion, that respondent be suspended from the practice of law for one year, with enforcement of the suspension stayed on the condition that respondent successfully complete a one-year probation under the supervision of a monitor.

{¶ 15} Upon review, we agree that respondent violated DR 9–102(A) and 9–102(B)(3) as found by the board. We also agree that a one-year suspension, all stayed on conditions, is a commensurate sanction for this misconduct. Accordingly, respondent is suspended from the practice of law in Ohio for one year; however, enforcement of this sanction is stayed on the conditions that respondent successfully complete a one-year probation in accordance with Gov.Bar R. V(9) under the supervision of a monitor to be appointed by relator and that respondent complete 12 hours of continuing legal education consisting of course work on law office management. If respondent fails to comply with these conditions, the stay shall be lifted, and respondent shall serve the entire one-year suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Bruce Campbell, Bar Counsel, and Jill M. Snitcher McQuain, Assistant Bar Counsel; Wiles, Boyle, Buckholder & Bringardner, L.P.A., and Michael L. Close, for relator.

James W. Adair III, for respondent.