Browning & Cooke, Andrew P. Cooke, and Adam J. Bennett, for appellant.

DISCIPLINARY COUNSEL *v.* LORD.

[Cite as *Disciplinary Counsel v. Lord,*
111 Ohio St.3d 131, 2006-Ohio-5341.]

(No. 2006–0463—Submitted July 18, 2006—Decided November 1, 2006.)

**Per Curiam.**

{¶ 1} Respondent, John Albert Lord of North Royalton, Ohio, Attorney Registration No. 0072696, was admitted to the Ohio bar in 2000.

{¶ 2} On September 13, 2005, relator, Disciplinary Counsel, filed an amended complaint charging respondent with multiple violations of the Code of Professional Responsibility. Respondent filed an answer to the complaint, and a panel of the Board of Commissioners on Grievances and Discipline held a hearing on the complaint in November 2005. The panel then prepared written findings of fact and conclusions of law, which the board adopted, as well as a recommendation, which the board modified.

### Misconduct

{¶ 3} The board found that relator had failed to meet its burden of proof on Counts II and III of the amended complaint, and relator has not challenged those findings here. The allegations in the remaining counts are discussed below.

*Count I*

{¶ 4} In June 2002, respondent prepared and filed a bankruptcy petition on behalf of his clients Clarence and Donna Rosenkranz. He did not file with the petition any information about the Rosenkranzes' creditors, however, prompting the bankruptcy court to issue a "notice of deficient filing" in July 2002. That same month, the bankruptcy trustee filed a motion to dismiss the bankruptcy petition because respondent had not filed a Chapter 13 plan on his clients' behalf.

{¶ 5} The bankruptcy court scheduled a creditors' meeting in the case for August 13, 2002, but respondent and his clients did not attend. Respondent testified at his disciplinary hearing that a staff person in the Chapter 13 trustee's office had told him that the meeting had been continued, but respondent could not provide the name of that person, and he had no documentary support for his claim. Relying on the testimony of a staff attorney from the Chapter 13 trustee's office, the board concluded that respondent had in fact not spoken with anyone about a continuance of the creditors' meeting, which did go forward as scheduled on August 13, 2002.

{¶ 6} Respondent never filed a Chapter 13 plan or other necessary documents to support the initial bankruptcy petition that he had filed for the Rosenkranzes, and he never responded to the trustee's motion to dismiss. On September 25, 2002, the bankruptcy court granted the trustee's motion to dismiss the case because no Chapter 13 plan had been filed and neither respondent nor his clients had appeared at the creditors' meeting.

{¶ 7} After examining these actions, the board found that respondent had violated the following Disciplinary Rules: DR 1–102(A)(5) (barring conduct that is prejudicial to the administration of justice) and 6–101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter).

*Count IV*

{¶ 8} In September 2004, respondent filed a civil suit in the Ashtabula County Court of Common Pleas on behalf of his client Kyle Carmean, who had paid respondent $630 for his services. Although respondent told Carmean that he had filed the complaint, he never gave Carmean a copy of it, and he never told Carmean that the case was scheduled for trial on August 10, 2005. On the trial date, respondent voluntarily dismissed the case without telling Carmean and without his approval.

{¶ 9} The board found that respondent had violated DR 1–102(A)(5) and 7–101(A)(2) (prohibiting an attorney from intentionally failing to carry out a contract of professional employment) in the course of his representation of Carmean.

{¶ 10} In September 2004, respondent filed a civil suit in the Ashtabula County Court of Common Pleas on behalf of his clients Margaret and Peter Arancio, who had paid respondent $250 for his services. Although respondent told the Arancios that he had filed the complaint, he never gave them a copy of it, and he never told them that the case was scheduled for a pretrial hearing on August 1, 2005. Because neither respondent nor the Arancios appeared at the pretrial hearing, the trial court dismissed the Arancios' case with prejudice. Respondent never told his clients that their case had been dismissed.

{¶ 11} The board found that respondent had violated DR 1–102(A)(5) and 7–101(A)(2) in the course of his representation of the Arancios.

{¶ 12} In January 2005, a civil case that respondent had filed on behalf of his client Robin Gauvin in the Mentor Municipal Court was transferred to the Lake County Court of Common Pleas. After respondent failed to appear at a case-management conference in July 2005, the trial court ordered that respondent show cause as to why he should not be held in contempt. When respondent likewise failed to appear at the show-cause hearing, the trial court issued a bench warrant for his arrest. Once respondent appeared before the trial court on August 26, 2005, the judge found him in contempt and ordered him to pay a $150 fine.

{¶ 13} Respondent testified at his disciplinary hearing that he had never received notice by mail of the July 2005 case-management conference or the August 2005 show-cause hearing. He also claimed that his telephone had malfunctioned and he therefore had never received telephone messages left for him by the judge's office. The board did not find this testimony credible.

{¶ 14} The board found that respondent had violated DR 1–102(A)(5), 1–102(A)(6) (barring conduct that adversely reflects on a lawyer's fitness to practice law), and 7–101(A)(2) in the course of his representation of Gauvin.

## Count V

{¶ 15} In January 2004, respondent filed a civil suit in the Cuyahoga County Court of Common Pleas on behalf of his clients John and Elizabeth Janofsky. Respondent failed to participate in a scheduled pretrial telephone conference for the case in December 2004. He testified at his disciplinary hearing that he was no longer representing the Janofskys at the time of the pretrial conference, and he thought that he had filed a motion to withdraw from the representation. No motion was actually filed, however, and respondent did not contact the trial court before the pretrial conference.

{¶ 16} The trial court rescheduled the pretrial conference, but once again, respondent did not appear, prompting the trial court to dismiss the Janofskys' case without prejudice. Although respondent told his clients that their case had

been dismissed, he led them to believe that he had requested the dismissal and did not explain that the case had been dismissed because he had failed to appear at the two pretrial hearings.

{¶ 17} The board found that respondent had violated DR 1–102(A)(4) (barring an attorney from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1–102(A)(5), and 1–102(A)(6).

## Count VI

{¶ 18} In December 2004, respondent agreed to represent Prentis Rucker Jr. in an employment-law matter, and Rucker paid a $750 retainer to respondent for his services. After their initial meeting, Rucker called respondent several times, but respondent did not return the calls. Rucker tried to send respondent a letter by certified mail, but respondent never claimed it at the post office. Rucker became frustrated by respondent's lack of diligence on the case, and he filed a civil suit against respondent in March 2005, seeking the return of the retainer. Respondent failed to answer the complaint, and Rucker obtained a default judgment against him for $750.

{¶ 19} The board found that respondent had violated DR 6–101(A)(3), 7–101(A)(1) (requiring an attorney to seek the client's lawful objective through reasonable means), 7–101(A)(2), and 9–102(B)(4) (requiring a lawyer to promptly deliver funds to which a client is entitled).

## Count VII

{¶ 20} In November 2004, relator sent a letter to respondent by certified mail, asking him to respond to some of the allegations described above by December 31, 2004. Respondent received the letter but did not reply. Relator spoke with respondent in February 2005, and although respondent promised to complete a response to relator's inquiry by March 2, 2005, he failed to do so.

{¶ 21} In April and May 2005, relator sent letters to respondent's business and home addresses by certified mail asking him to respond to Prentis Rucker's grievance. The certified letters were returned unclaimed. In June 2005, relator sent a letter to respondent by ordinary mail, again inquiring about the Rucker grievance. Respondent did not reply.

{¶ 22} Relator and respondent agreed to meet in August 2005 to discuss the allegations in relator's complaint. Respondent failed to appear for the meeting. The following day, respondent called relator and explained that a power outage had occurred in North Royalton the day before the meeting. Because of the power outage, respondent said, he could not withdraw any money from an automated-teller machine and therefore could not buy gasoline for the drive to Columbus where the meeting was to take place. That statement by respondent

to relator was not true. There was in fact no power outage in the area that prevented respondent from using an ATM.

{¶ 23} The board found that respondent had violated DR 1–102(A)(4) and 1–102(A)(5), as well as Gov.Bar R. V(4)(G) (requiring attorneys to cooperate with and assist in any disciplinary investigation).

## Sanction

{¶ 24} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The board cited respondent's lack of any prior disciplinary violations and his good character and reputation as mitigating factors. BCGD Proc.Reg. 10(B)(2)(a) and (e). The board also found an absence of any dishonest or selfish motive, BCGD Proc.Reg. 10(B)(2)(b), although that finding appears to be questionable based on the board's conclusion that respondent lied to relator when he offered an excuse for failing to meet with relator as scheduled during the disciplinary investigation, lied during the disciplinary proceedings when he described problems with his receipt of mail and telephone messages, and misled the Janofskys when he failed to explain to them why their case had been dismissed.

{¶ 25} The board noted several aggravating factors: a pattern of misconduct; multiple offenses; a lack of cooperation in the disciplinary process; the submission of false evidence, false statements, or other deceptive practices during the disciplinary process; a refusal to acknowledge the wrongful nature of his conduct (aside from his admission that he wrongfully misrepresented the reason for his failure to attend the scheduled meeting with relator); and the failure to make restitution. BCGD Proc.Reg. 10(B)(1)(c), (d), (e), (f), (g), and (i).

{¶ 26} Relator recommended that respondent be suspended from the practice of law for two years, with one year stayed. The panel instead recommended that respondent be suspended for two years, with 18 months stayed. The board then adopted relator's original recommendation of a two-year suspension, with one year stayed.

{¶ 27} We have reviewed the board's report and have also considered the written and oral arguments presented by the parties in response to that report. We find that respondent violated all of the provisions as described above, but we conclude that a more severe sanction than the one recommended by the board is appropriate.

{¶ 28} The attorney disciplinary process in Ohio is designed to "protect clients and the public, to ensure the administration of justice, and to maintain the integrity of the legal profession." *Disciplinary Counsel v. Hunter*, 106 Ohio

St.3d 418, 2005-Ohio-5411, 835 N.E.2d 707, ¶ 32. In this case, respondent does not appear to understand the damage caused to the legal profession by multiple ethical violations like his. Most lawyers work diligently and competently to honor their commitments, keep their appointments, and deal honestly with any professional setbacks. In contrast, respondent has repeatedly failed to carry out contracts of employment; he has shown disrespect to his clients and the courts by failing to attend court hearings and by failing to apprise his clients about the status of their cases; and he has ignored warning signals from courts, clients, and relator that should have alerted him that his careless approach to the practice of law is unacceptable. His many ethical missteps, coupled with the misleading half-truths that he has offered to clients, courts, and fellow lawyers, convince us that he is not currently fit to be an active member of a profession grounded on attention to detail, candor, and respect for the interests of those who need legal services.

{¶ 29} In similar cases, we have imposed indefinite suspensions. See, e.g., *Columbus Bar Assn. v. Harris,* 108 Ohio St.3d 543, 2006-Ohio-1715, 844 N.E.2d 1202, ¶ 22 ("neglect of legal matters and the failure to cooperate in the ensuing disciplinary investigation warrant an indefinite suspension"); *Columbus Bar Assn. v. Foster* (2001), 92 Ohio St.3d 411, 412, 750 N.E.2d 1112 (an attorney's "pattern and practice of carelessness, inattention to detail, procrastination, and failure to communicate with clients and court officials" warrant an indefinite suspension); *Stark Cty. Bar Assn. v. Mark* (2000), 90 Ohio St.3d 397, 739 N.E.2d 296 (imposing an indefinite suspension on an attorney who neglected client matters, dismissed a case without the client's permission, failed to appear at court hearings, did not respond to mail and telephone inquiries from clients, made a false statement to a client, and failed to cooperate in a disciplinary investigation).

{¶ 30} Accordingly, respondent is hereby indefinitely suspended from the practice of law in Ohio. Full payment of the judgment owed to Prentis Rucker, with interest at the legal rate, is a prerequisite to the filing of any petition for reinstatement. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., concur.

O'DONNELL, J., dissents and would suspend respondent from the practice of law in Ohio for two years.

———————

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.