DISCIPLINARY COUNSEL *v.* MATHEWSON.

[Cite as *Disciplinary Counsel v. Mathewson,*
113 Ohio St.3d 365, 2007-Ohio-2076.]

(No. 2006–2287—Submitted February 14, 2007—Decided May 16, 2007.)

---

**Per Curiam.**

{¶ 1} This court admitted respondent, Thomas George Mathewson, last known address in Xenia, Ohio, Attorney Registration No. 0067048, to the practice of law

in Ohio in 1996. On December 5, 2005, we suspended respondent's license to practice for failure to comply with the attorney-registration requirements in Gov.Bar R. VI. *In re Attorney Suspension,* 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671. On October 3, 2006, we imposed an interim suspension of respondent's license pursuant to Gov.Bar R. V(5) upon receiving notice that he had defaulted on a child-support order. *In re Mathewson,* 111 Ohio St.3d 1401, 2006-Ohio-5200, 854 N.E.2d 1083.

{¶ 2} In the case now before us, relator, Disciplinary Counsel, charged that respondent had committed professional misconduct by neglecting five clients' cases, misusing his client trust account, and failing to cooperate in the investigation of this misconduct. After attempts to serve respondent with the complaint by certified mail failed, the Board of Commissioners on Grievances and Discipline served the complaint on the Clerk of the Supreme Court pursuant to Gov.Bar R. V(11)(B). Respondent did not answer, and relator moved for default pursuant to Gov.Bar R. V(6)(F). A master commissioner appointed by the board granted the motion, making findings of fact and conclusions of law and recommending a sanction of an indefinite suspension, all of which the board adopted.

{¶ 3} On review of the board's report, we find that respondent committed all but one of the charged violations of the Disciplinary Rules and that he violated Gov.Bar R. V(4)(G) by failing to cooperate in the disciplinary investigation. We also accept the recommended sanction.

Misconduct

*Count I—The Burghy Grievance*

{¶ 4} In early March 2003, Linda Burghy hired respondent to help her obtain custody of her daughter, paying him $600 and giving him various records needed for the case. Respondent promised to pursue the matter promptly. When respondent did not report back to his client, Burghy started leaving messages for him. She did not speak with respondent again until sometime after December 2003.

{¶ 5} When Burghy finally did reach respondent, he told her he was going through a divorce and custody battle of his own and advised her to get another attorney. Burghy did hire another attorney, and her new attorney twice asked respondent for Burghy's case file and a $600 refund. Respondent did not reply and never returned Burghy's file or her money.

{¶ 6} After Burghy paid respondent in March 2003, he overdrew funds from his client trust account, allowing the balance to fall below $600.

{¶ 7} We find that by abandoning Burghy's case, keeping unearned fees, and failing to return her case file, respondent violated DR 1–102(A)(4) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepre-

sentation), 1–102(A)(6) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law), 2–106(A) (prohibiting a lawyer from charging or collecting a clearly excessive fee), 2–110(A)(3) (generally requiring a lawyer to promptly refund any unearned fee upon withdrawal from employment), 6–101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter), 9–102(A) (requiring a lawyer to keep client funds in a separate, identifiable bank account), and 9–102(B)(4) (requiring a lawyer to promptly repay funds to which the client is entitled).

## Count II—Criminal Defendant Grievances

{¶ 8} In August 2003, a Montgomery County common pleas judge appointed respondent to represent David L. Smith in appealing a conviction. Respondent failed to ensure that the record on appeal was prepared and filed, as required by App.R. 10(A). In November, a Second District Court of Appeals judge issued an order requiring respondent to cause the record to be prepared and filed within 14 days or show cause why Smith's appeal should not be dismissed. Because respondent did not reply to the show-cause order or cause the record to be filed, the court of appeals judge removed him from the case in December 2003 and appointed new counsel for Smith.

{¶ 9} In February 2004, a court of appeals judge appointed respondent to represent Scott Chessman and Keith Sulek in separate appeals of their convictions. Respondent did not file briefs on either appellant's behalf. In May, the judge ordered respondent to file briefs or show cause to avoid dismissal in both cases. Respondent did not file either brief or respond to the show-cause orders.

{¶ 10} In July 2004, the judge issued notices of intent to remove respondent as counsel for Chessman and Sulek and gave him another extension in which to file briefs. Respondent did not file the briefs or otherwise respond to the court's notice. In September 2004, the court of appeals removed respondent from both cases and appointed new counsel to represent the appellants.

{¶ 11} In June 2003, the common pleas judge appointed respondent to represent another defendant in the appeal of his conviction. Respondent failed to file an appellate brief on the defendant's behalf. In January 2004, the court of appeals issued an order to show cause why the action should not be dismissed or to file a brief within 14 days. Respondent did not file a brief or respond to the court's notice.

{¶ 12} In March 2004, the court of appeals gave respondent an extension, issuing a notice of intent to remove counsel and again ordering respondent to file a brief within 14 days. Respondent still did not comply. In April 2004, the court of appeals removed respondent and appointed new counsel for the defendant.

{¶ 13} We find that by neglecting these appeals, respondent violated DR 1–102(A)(5) (prohibiting a lawyer from engaging in conduct prejudicial to the administration of justice), 1–102(A)(6), and 6–101(A)(3).

### Count III—Misuse of Client Trust Fund

{¶ 14} In September 2003, respondent's wife filed for divorce. In a deposition taken during relator's investigation, respondent admitted that he used his client trust account as a personal checking account throughout the divorce proceedings, attempting to avoid federal tax and local child-support enforcement authorities' collection procedures. In May 2004 and later months, respondent permitted his personal creditors to electronically withdraw funds from his client trust account. He later deposited his personal funds into the trust account and drew checks from this account for his personal expenses. From January 1, 2005, through March 31, 2005, respondent overdrew funds from his trust account at least ten times.

{¶ 15} We find that by commingling personal funds with those held in his client trust account, respondent violated DR 1–102(A)(4), 1–102(A)(5), 1–102(A)(6), and 9–102(A).

### Count IV—Failure to Cooperate

{¶ 16} We also find that respondent violated Gov.Bar R. V(4)(G) and DR 1–102(A)(5). Respondent appeared for his deposition on March 10, 2005, and, in testifying, confirmed his mailing address. Respondent later received but ignored an investigator's letter of inquiry. And in April 2005, after the investigator explained respondent's duty to answer the letter of inquiry, respondent promised to reply but never did. Respondent also acknowledged his receipt of relator's notice of intent to file a formal complaint, but he did not respond as requested.

### Sanction

{¶ 17} In determining a sanction for respondent's misconduct, we consider the mitigating and aggravating factors of his case. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 18} Respondent has cooperated by attending his deposition, but this mitigating factor is offset by his subsequent indifference to the disciplinary process. See BCGD Proc.Reg. 10(B)(1)(e) and (2)(d). Also somewhat mitigating is that respondent went through a contentious divorce during the underlying events and is now in counseling and on medication. These factors are outweighed, however, by the aggravating effect of respondent's prior disciplinary record, which shows professional and personal irresponsibility. BCGD Proc. Reg. 10(B)(1)(a). More-

over, we find, as did the board, that respondent acted out of self-interest in committing the instant misconduct, that his misconduct manifests a pattern of misconduct and multiple offenses, and that he has made no effort to repay Burghy's $600.

{¶ 19} Relator advocated and the board recommended an indefinite suspension of respondent's license to practice. We accept that recommendation, which is consistent with the rule that an attorney's neglect of legal matters and failure to cooperate in the ensuing disciplinary investigation warrant an indefinite suspension. *Columbus Bar Assn. v. Harris*, 108 Ohio St.3d 543, 2006-Ohio-1715, 844 N.E.2d 1202, ¶ 22. *Disciplinary Counsel v. Lord*, 111 Ohio St.3d 131, 2006-Ohio-5341, 855 N.E.2d 457, ¶ 29. As relator argued:

{¶ 20} "In Count I, respondent neglected his client's case, failed to safeguard his client's funds, failed to turn over the file, and failed to return the unearned fee. In Count II, respondent demonstrated his disrespect for the criminal justice system by neglecting four appellate cases and ignoring numerous show cause orders. In Count III, respondent consistently abused his [client trust] account by using it as a personal checking account. While under oath, respondent confirmed that he was using his [client trust] account in such a manner as to avoid attachment by the IRS and the Child Support Enforcement Agency. In addition, in a three-month period, respondent overdrew his [client trust] account 10 times. Finally, respondent's lack of cooperation throughout the disciplinary process, coupled with the aforementioned misconduct, warrants an indefinite suspension."

{¶ 21} We therefore indefinitely suspend respondent from the practice of law in Ohio. To be eligible for reinstatement two years from the date of our order, respondent must comply with the requirements of Gov.Bar R. V(10), including making $600 in restitution to Burghy, with interest at the legal rate, pursuant to Gov.Bar R. V(10)(E)(1). Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Joseph M. Caligiuri, Assistant Disciplinary Counsel, for relator.