Disciplinary Counsel *v.* Broschak.

[Cite as *Disciplinary Counsel v. Broschak,*
118 Ohio St.3d 236, 2008-Ohio-2224.]

(No. 2007–1975—Submitted January 9, 2008—Decided May 15, 2008.)

---

**Per Curiam.**

{¶ 1} This court admitted respondent, Thomas J. Broschak of Hilliard, Ohio, Attorney Registration No. 0019547, to the practice of law in Ohio in 1980. From

September 28, 2004, to October 5, 2004, respondent's license to practice law was suspended based upon his default under a child-support order.

{¶ 2} The Board of Commissioners on Grievances and Discipline recommends that we now suspend respondent indefinitely, based on findings that he engaged in a pattern of misconduct by intentionally failing to pursue client cases, thereby causing multiple criminal appeals to be dismissed due to his failure to act on behalf of his clients, and by repeatedly failing to cooperate with the disciplinary process. On review, we agree that respondent violated the Code of Professional Responsibility as found by the board, and we suspend respondent indefinitely.

{¶ 3} Relator, Disciplinary Counsel, charged respondent with violations of the Disciplinary Rules in an eight-count complaint. Respondent failed to respond or otherwise participate in the proceedings, other than by appearing for a deposition early in the proceedings and by sending a couple of letters before the complaint was filed; therefore relator filed a motion for a default judgment. A master commissioner recommended indefinite suspension of respondent's license. The board adopted the master commissioner's findings of fact, conclusions of law, and recommendation of indefinite suspension.

## Misconduct

### Count I—Shawn Burton

{¶ 4} Respondent agreed to represent Shawn Burton in the appeal of his felony convictions in Gallia County and at a trial on additional felony criminal charges. Respondent appeared as counsel in both matters and ordered the transcript of the first criminal case for the appeal. Burton paid a total of $13,430 to respondent, $6,430 for the transcript.

{¶ 5} On March 28, 2005, the record and transcript from the trial court were filed with the court of appeals. After granting three extensions of time to file the brief, the Fourth District Court of Appeals issued an order to respondent to show cause for an additional extension or face possible dismissal of the appeal. Respondent claimed that health problems and the loss of a draft in an electrical storm had prevented him from filing the brief. The Fourth District granted a fourth extension of the date for filing the appellate brief, to September 1, 2005. Respondent did not meet that deadline. On September 15, 2005, the Fourth District issued an entry ordering respondent to file the brief within ten days or face dismissal of the appeal. Respondent failed to file the brief, and the Fourth District granted the state's motion to dismiss based on a failure to prosecute.

{¶ 6} Burton filed a pro se request in the Gallia County criminal proceeding, asking that respondent be removed for failure to communicate with him and for failure to file a brief in the appellate case. Respondent failed to attend a pretrial hearing on November 4, 2005, because he was appearing on behalf of another

client in Ross County. The judge in the Gallia County proceeding issued a show-cause order for respondent to explain why he should not be held in contempt of court and be removed from the case. The entry stated:

{¶ 7} "To date, counsel for the defendant Thomas Broschak, has not provided his client any apparent form of a defense. Although he has been retained by the defendant to handle his second trial and his appeal from his first trial, he has not prepared for trial, not sent any subpoenas to defense witnesses, not communicated with his client; in spite of repeated attempts by [the] defendant to contact him, and the appeal has been dismissed by the court of appeals because of Mr. Broschak's failure to timely file his appellate brief."

{¶ 8} The court removed respondent as Burton's attorney and appointed a state public defender to represent Burton. Respondent informed the court that he no longer had the $7,000 that Burton had paid as attorney fees.

{¶ 9} Respondent did not respond in writing to Burton's grievance, which was forwarded to him by relator. Relator, however, was able to depose respondent. At the deposition, respondent agreed to provide a written response to the grievance, refund $5,000 to Burton, and provide written proof that he had complied with the requirement of DR 1–104 to advise his clients that he did not maintain professional-liability insurance. However, respondent did not provide a complete written response to the grievance and failed to provide a refund or proof of compliance with DR 1–104.

{¶ 10} As to Count I, the board found violations of DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1–102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1–102(A)(6) (engaging in conduct adversely reflecting on the lawyer's fitness to practice law), 1–104(A) and (B) (failing to disclose to clients that lawyer does not maintain professional-liability insurance), 6–101(A)(3) (neglecting an entrusted legal matter), 7–101(A)(1) (failing to seek the lawful objectives of a client), 7–101(A)(2) (prohibiting a lawyer from intentionally failing to carry out a contract for professional employment), 7–101(A)(3) (prejudicing a client during the course of professional relationship), and 9–102(B)(3) (requiring a lawyer to maintain complete records of all funds, securities, and other properties of a client coming into the lawyer's possession and render appropriate accounts to his client regarding them).

## Count II—Micah Cox

{¶ 11} Respondent represented Micah Cox in a felony case in the Fayette County Court of Common Pleas from 2004 to 2005. Cox was sentenced to four years' incarceration.

{¶ 12} Respondent failed to provide Cox or his representatives a copy of Cox's file upon request. On August 4, 2005, Cox's wife, Jennifer, requested a copy of Cox's file. Respondent did not reply to the request. On October 11 and 12, 2005, attorney Charles A. McKinney requested copies of Cox's file. Again, respondent did not respond to the request.

{¶ 13} Jennifer Cox filed a grievance with the Columbus Bar Association in December 2005, citing respondent's failure to provide the file. The bar association dismissed the grievance when respondent agreed to immediately forward a copy of Cox's file. Despite further representations that he would do so, respondent had not provided a copy of the file to Cox as of September 8, 2006.

{¶ 14} As to Count II, the board found violations of DR 1–102(A)(6) and 9–102(B)(4) (requiring a lawyer to promptly deliver property in his possession that the client is entitled to receive).

### Count III—Rick Roar

{¶ 15} Julie Robertson paid respondent a flat fee of $2,500 to represent Rick Roar in the appeal of his gross-sexual-imposition conviction. Respondent discussed with Roar the possibility of filing a motion for judicial release. Respondent then failed to respond to inquiries from Roar and his family for at least two months.

{¶ 16} Respondent failed to file Roar's appellate brief, even after an order from the Fourth District Court of Appeals to file the brief with a motion showing good cause for his failure to timely file. The Fourth District dismissed Roar's appeal after respondent failed to file a brief.

{¶ 17} In February 2006, respondent told Roar and his sister that he purposely allowed the appeal to be dismissed to pursue the judicial-release motion. Respondent stated that he would file for judicial release within the week. Respondent did not file the motion.

{¶ 18} Relator sent a copy of the grievance and two letters of inquiry to respondent by certified mail and requested a written response to Roar's allegations. Respondent did not respond.

{¶ 19} As to Count III, the board found violations of DR 1–102(A)(4), 1–102(A)(5), 1–102(A)(6), 6–101(A)(3), 7–101(A)(1), and 7–101(A)(3).

### Count IV—Robert Cunningham

{¶ 20} In March 2006, Barbara Cunningham paid respondent $2,500 to represent her son, Robert Cunningham, in the appeal of his gross-sexual-imposition conviction in Franklin County. Respondent filed the notice of appeal but failed to file an appellate brief. Respondent requested and received two extensions to file

the brief but still did not file the brief. The Tenth District Court of Appeals finally dismissed Cunningham's appeal because respondent failed to file the brief.

{¶ 21} Barbara Cunningham did not discover that the appeal had been dismissed until she called the court to check on the status of the case. Ms. Cunningham called respondent and left approximately 25 voicemail messages from August to November 2006 but never received a return call. Likewise, respondent did not refund the $2,500 given to him by Barbara Cunningham. Ms. Cunningham stated that she was unable to hire another attorney to reopen the appeal without a refund of her money.

{¶ 22} Relator sent respondent a copy of Barbara Cunningham's grievance and two letters of inquiry by certified mail. Respondent did not respond to either inquiry.

{¶ 23} As to Count IV, the board found violations of DR 1–102(A)(4), 1–102(A)(5), 1–102(A)(6), 6–101(A)(3), 7–101(A)(1), 7–101(A)(2), and 7–101(A)(3).

### Count V—Matthew McCullough

{¶ 24} Matthew McCullough's mother paid respondent $5,000 to represent McCullough in a criminal appeal. McCullough was convicted of aggravated murder, aggravated robbery, kidnapping, and attempted rape in Fayette County, and was sentenced to life imprisonment.

{¶ 25} Respondent filed the appeal in the Twelfth District Court of Appeals on November 12, 2003. Respondent initially failed to request the trial transcript but eventually was able to have the state file the transcript at its expense. The court ordered that McCullough's appellate brief be filed by November 13, 2005. Although respondent requested three extensions, he failed to file the brief. Respondent did not respond to a February 23, 2006 show-cause order from the Twelfth District, resulting in the appeal's dismissal with prejudice for failure to file a brief.

{¶ 26} Respondent failed to inform McCullough about the dismissal of the appeal. McCullough discovered that his appeal had been dismissed only after writing a letter to the appellate court in January 2007. After learning of the dismissal, McCullough contacted respondent. McCullough stated, "Broschak falsely told me that he was unaware of the dismissal and that he would investigate it. [Respondent] has not contacted me since this conversation." Respondent did not refund any of the $5,000 paid for attorney fees.

{¶ 27} Relator sent respondent a copy of McCullough's grievance and two letters of inquiry by certified mail. Respondent did not respond to the inquiries.

{¶ 28} As to Count V, the board found violations of DR 1–102(A)(4), 1–102(A)(5), 1–102(A)(6), 6–101(A)(3), 7–101(A)(1), 7–101(A)(2), and 7–101(A)(3).

## Count VI—Joshua Smith

{¶ 29} Joshua Smith's family paid respondent approximately $15,000 to represent Smith during his trial in Fayette County and in the appeal of his murder conviction and sentence to life imprisonment.

{¶ 30} Respondent filed Smith's appeal in the Twelfth District Court of Appeals on August 11, 2006. Respondent requested and was granted additional time to file the trial transcript. However, respondent did not file the trial transcript.

{¶ 31} The Twelfth District ordered Smith to show cause why his trial transcript was not filed by the due date. Respondent did not file a response to the show-cause order. On January 19, 2007, the appellate court dismissed the appeal for respondent's failure to file the trial transcript.

{¶ 32} Smith wrote ten letters to respondent inquiring about the progress of the appeal and requesting copies of the transcript. Smith's mother and wife also repeatedly attempted to reach respondent from July 2006 to April 2007. Respondent did not respond to any of the communications and has not refunded any of the attorney fees.

{¶ 33} Relator sent respondent a copy of Smith's grievance and two letters of inquiry by certified mail. Respondent did not respond to the inquiries.

{¶ 34} As to Count VI, the board found violations of DR 1–102(A)(4), 1–102(A)(5), 1–102(A)(6), 6–101(A)(3), 7–101(A)(1), 7–101(A)(2), and 7–101(A)(3).

## Count VII—Jerell Smith

{¶ 35} Jerell Smith paid respondent $5,000 to represent him in the appeal of his conviction of drug possession and sentence of three years' imprisonment.

{¶ 36} Respondent filed Smith's appeal in the Twelfth District Court of Appeals on December 22, 2004. Respondent did not file the trial transcript. On June 6, 2005, the Twelfth District ordered Smith to show cause by June 10, 2005, why the appeal should not be dismissed for failure to file the transcript. Respondent failed to respond to the show-cause order, and the appeal was dismissed with prejudice on June 28, 2005.

{¶ 37} Respondent also failed to communicate with Smith. In the spring of 2005, Smith sent respondent several letters requesting the return of his file. Smith asked Natasha Belcher to contact respondent on his behalf. Respondent did not respond to Smith or Belcher. Belcher left several messages for respondent, requesting the return of Smith's $5,000 fee. Respondent did not respond and did not refund any part of the fee. Smith's sentence expired on July 24, 2007, leaving no reason to reopen the appeal.

{¶ 38} Relator sent letters of inquiry to the respondent by certified mail on two separate occasions. Respondent did not respond.

{¶ 39} As to Count VII, the board found violations of DR 1–102(A)(4), 1–102(A)(5), 1–102(A)(6), 6–101(A)(3), 7–101(A)(1), 7–101(A)(2), and 7–101(A)(3).

### Count VIII—Kandy Raypole and Edward Welton

{¶ 40} Kandy Raypole was convicted of aggravated drug trafficking and hired respondent to pursue the criminal appeal. Respondent filed a notice of appeal in the Twelfth District Court of Appeals. On May 20, 2005, the Twelfth District dismissed Raypole's appeal because a brief was not timely filed on her behalf.

{¶ 41} Edward Welton's family paid respondent $2,500 to pursue an appeal of Welton's rape conviction and ten-years-to-life prison sentence. On July 6, 2006, respondent filed Welton's appeal with the Twelfth District.

{¶ 42} Respondent received an extension to file the appellate brief from the court but still failed to file the brief on the new date. Respondent did reply to the appellate court's show-cause order, in which the court indicated that it would consider dismissal of the case. The appellate court again granted respondent additional time to file. Again, respondent failed to file the brief. The Twelfth District dismissed Welton's appeal with prejudice for failure to file a brief.

{¶ 43} Respondent failed to respond to Welton's requests for information. Welton twice wrote letters to respondent asking for copies of his file. The only response Welton received was a visit from respondent, during which respondent stated that he would not return the documents because he was too busy and Welton did not need them. The family's attempts to recover the $2,500 fee were also ignored by respondent.

{¶ 44} Relator sent letters of inquiry to the respondent by certified mail on two separate occasions. Respondent did not respond.

{¶ 45} As to Count VIII, the board found violations of DR 1–102(A)(4), 1–102(A)(5), 1–102(A)(6), 6–101(A)(3), 7–101(A)(1), 7–101(A)(2), and 7–101(A)(3).

### Review

{¶ 46} On August 8, 2007, respondent replied to relator expressing an interest in participating in the disciplinary proceeding. Respondent informed relator that mental-health issues had prevented him from responding to the previous letters and pleading in the proceeding. Respondent also informed relator that he was involved with the Ohio Lawyers Assistance Program ("OLAP").

{¶ 47} Relator had discussed with respondent the help available from OLAP in a deposition taken in March 2005, before many of the occurrences leading to Counts II through IV and VI. Relator had pointed out the benefits of OLAP

when questioning respondent about the Burton and Cox grievances. In that deposition, respondent assured relator that his emotional issues were in his past. Relator asked if respondent's emotional state had harmed any other clients or if relator could expect any more grievances. Respondent replied that he did not believe that any other clients were adversely affected and he hoped there would not be any more grievances. Yet six additional grievances were filed against respondent, all involving missed filing deadlines and failing to communicate with clients. Respondent also failed to cooperate with the disciplinary process for the additional grievances.

{¶ 48} In light of the evidence, we adopt all of the board's findings of misconduct. Specifically, we find that respondent violated DR–1–102(A)(4) with respect to Counts I, III, IV, V, VI, VII, and VIII; 1–102(A)(5) with respect to Counts I, III, IV, V, VI, VII, and VIII; 1–102(A)(6) with respect to Counts I, II, III, IV, V, VI, VII, and VIII; 1–104(A) and (B) with respect to Count I; 6–101(A)(3) with respect to Counts I, III, IV, V, VI, VII, and VIII; 7–101(A)(1) with respect to Counts I, III, IV, V, VI, VII, and VIII; 7–101(A)(2) with respect to Counts I, IV, V, VI, VII, and VIII; 7–101(A)(3) with respect to Counts I, III, IV, V, VI, VII, and VIII; 9–102(B)(3) with respect to Count I; and 9–102(B)(4) with respect to Count II.

## Sanction

{¶ 49} In determining the appropriate sanction to impose for attorney misconduct, "we consider the duties violated, the actual or potential injury caused, the attorney's mental state, the existence of aggravating or mitigating circumstances, and sanctions imposed in similar cases." *Stark Cty. Bar Assn. v. Ake,* 111 Ohio St.3d 266, 2006-Ohio-5704, 855 N.E.2d 1206, ¶ 44. We weigh the aggravating and mitigating factors to decide whether extenuating circumstances justify lenience in our disposition. See Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). We are not limited to the factors specified in the rule and may take into account "all relevant factors" in determining which sanction to impose. BCGD Proc.Reg. 10(B).

{¶ 50} Respondent neglected his duty to represent his clients and failed to return unearned fees. Respondent's clients were denied a full opportunity to appeal criminal convictions because he failed to file necessary court documents. Likewise, respondent failed to adequately communicate with his clients when he withheld documents and failed to provide his clients necessary information concerning their appeals. Respondent failed to participate in the disciplinary proceeding, routinely ignoring notices and requests sent by relator. Respondent also failed to file any objections before this court. Finally, respondent's license to

practice law had previously been suspended for failure to comply with a child-support order.

{¶ 51} We agree that indefinite suspension of respondent's license to practice law is the appropriate sanction. Attorneys must comply with the ethical requirements imposed by the former Code of Professional Responsibility and the current Rules of Professional Conduct. Respondent has demonstrated a pattern of misconduct that resulted in harm to his clients. For these breaches of his duty to his clients, the public, and the legal profession, coupled with the aggravating effect of his disciplinary record, BCGD Proc.Reg. 10(B)(1)(a), indefinite suspension is appropriate. See *Disciplinary Counsel v. Mathewson,* 113 Ohio St.3d 365, 2007-Ohio-2076, 865 N.E.2d 891, ¶ 19. In *Mathewson,* counsel also failed to file appellate briefs for several of his clients and did not respond to show-cause orders. Mathewson also failed to return a client's file and did not cooperate in the disciplinary process.

{¶ 52} Respondent is hereby suspended indefinitely from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———

Jonathan E. Coughlan, Disciplinary Counsel, and Philip A. King, Assistant Disciplinary Counsel, for relator.