DISCIPLINARY COUNSEL *v.* HALLQUIST.

[Cite as *Disciplinary Counsel v. Hallquist,*

128 Ohio St.3d 480, 2011-Ohio-1819.]

*Attorneys — Misconduct — Default — Partially stayed suspension.*

(No. 2010-2169 — Submitted February 2, 2011 — Decided April 20, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 10-046.

_____

**Per Curiam**.

**{¶ 1}** Respondent, Kevin Paul Hallquist of Fairmont, West Virginia, formerly of Cleveland, Ohio, Attorney Registration No. 0034385, was admitted to the practice of law in Ohio in 1986.

**{¶ 2}** On June 14, 2010, relator, Disciplinary Counsel, filed a complaint charging respondent with professional misconduct arising from his failure to reasonably communicate with two clients, his neglect of their legal matters, and his failure to cooperate in the ensuing disciplinary investigations. The Board of Commissioners on Grievances and Discipline attempted to serve respondent with a copy of the complaint by certified mail at the address he had registered with the Office of Attorney Registration, but the letter was returned unclaimed. Therefore, the clerk of the Supreme Court of Ohio accepted service on respondent's behalf, in accordance with Gov.Bar R. V(11)(B). Respondent appeared for a deposition on one matter in December 2009, but he did not answer the complaint or otherwise appear in the proceeding, and relator moved for default pursuant to Gov.Bar R. V(6)(F).

**{¶ 3}** A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted relator's default motion, making findings of

misconduct and recommending that respondent be indefinitely suspended from the practice of law. The board adopted the master commissioner's findings of fact and misconduct but recommends that we impose a two-year suspension with the last six months stayed. We accept the board's findings of fact, conclusions of law, and recommended sanction.

## Misconduct

{¶ 4} In Count 1, the board found that a husband and wife had retained respondent to pursue a claim for uninsured-motorist coverage after the husband was injured in an automobile accident. The matter was settled, and in August 2008, the insurer issued a $2,000 settlement check. Respondent retained the couple's portion of the settlement proceeds as a flat fee to represent them in an unrelated matter.

{¶ 5} In early 2009, however, the couple began to receive medical bills, totaling $1,108, for treatment of the husband's injuries that they believed had been paid as part of the settlement. Unable to reach respondent, the couple filed a grievance with relator.

{¶ 6} At his December 3, 2009 deposition, respondent testified that pursuant to the terms of the settlement, the insurer was to pay all the couple's medical bills plus $2,000. He claimed that he was unaware of any unpaid medical bills and had no documentation regarding the terms of the settlement. Respondent further testified that he would contact the couple and their insurer to investigate and resolve the matter. Although respondent sent relator copies of several letters that he had faxed to the insurer and a document from the insurer confirming the amount of the settlement check, he did not contact the clients or resolve their unpaid medical bills.

{¶ 7} In Count 2, the board found that respondent accepted $500 in May 2009 and another $100 in September 2009 to seek expungement of a client's criminal conviction, but did not file the motion until October 2, 2009. The trial

court dismissed the motion, finding that the client had been notified of two separate hearing dates and had failed to appear. The client avers that respondent did not inform him of either hearing date. And although respondent signed for a letter of inquiry that relator sent to him by certified mail, he did not file a response.

**{¶ 8}** Based upon these factual findings, the board concluded that respondent's conduct with respect to each of these two counts violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(2) (requiring a lawyer to reasonably consult with the client about the means by which the client's objectives are to be accomplished), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), and 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation). We accept the board's findings of fact and misconduct.

### Sanction

**{¶ 9}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

**{¶ 10}** As aggravating factors, the board found that respondent had engaged in a pattern of misconduct involving multiple offenses. See BCGD

Proc.Reg. 10(B)(1)(c) and (d). He has failed to cooperate in the disciplinary process, refused to acknowledge the wrongful nature of his conduct, caused harm to vulnerable clients, and failed to make restitution. See BCGD Proc.Reg. 10(B)(1)(e), (g), (h), and (i). The only mitigating factor is respondent's lack of a prior disciplinary record. See BCGD Proc.Reg. 10(B)(2)(a).

{¶ 11} Relator argued that an indefinite suspension was the appropriate sanction for respondent's neglect of client matters and failure to cooperate in the disciplinary investigation. The master commissioner agreed, citing *Disciplinary Counsel v. Mathewson*, 113 Ohio St.3d 365, 2007-Ohio-2076, 865 N.E.2d 891, ¶ 19 (imposing an indefinite suspension on an attorney who neglected clients' cases, misused his client trust account, and failed to cooperate in the resulting investigation, finding that respondent's multiple offenses had resulted in actual prejudice to the clients and to the administration of justice). Without explaining its reasoning, however, the board recommends that we impose a two-year suspension with six months stayed. Relator has not objected to the board's recommendation.

{¶ 12} We have recognized that an indefinite suspension is " 'especially fitting * * * where neglect of a legal matter is coupled with a failure to cooperate in the ensuing disciplinary investigation,' " *Disciplinary Counsel v. Boylan* (1999), 85 Ohio St.3d 115, 117, 707 N.E.2d 465, quoting *Warren Cty. Bar Assn. v. Lieser* (1997), 79 Ohio St.3d 488, 490, 683 N.E.2d 1148. We have also recognized that each disciplinary case is unique and that we may consider "all relevant factors" in determining what sanction to impose. See BCGD Proc.Reg. 10(B); *Columbus Bar Assn. v. Chasser*, 124 Ohio St.3d 578, 2010-Ohio- 956, Ohio, 925 N.E.2d 595, ¶ 20.

{¶ 13} In *Cuyahoga Cty. Bar Assn. v. Paulson*, 111 Ohio St.3d 415, 2006-Ohio-5859, 856 N.E.2d 970, ¶ 3-7, we sanctioned an attorney who had failed to timely file an appellate brief after settling a client's case without authorization,

failed to respond to the client's communications, and failed to respond to the resulting disciplinary investigation. Although Paulson's ethical violations included dishonesty, fraud, deceit, or misrepresentation, conduct prejudicial to the administration of justice, handling a legal matter without adequate preparation, neglect of an entrusted legal matter, and failure to cooperate in a disciplinary investigation, we accepted the board's recommendation of a two-year suspension, observing that his conduct appeared to have affected only one client. Id. at ¶ 8, 12.

{¶ 14} Similarly, in *Disciplinary Counsel v. Noel*, 126 Ohio St.3d 56, 2010-Ohio- 2714, 930 N.E.2d 312, ¶ 26-27, we imposed a two-year suspension with six months stayed on conditions on an attorney who had neglected the legal matters of two clients, causing the dismissal of a criminal appeal and the dismissal with prejudice of a civil case, had failed to timely deliver a client's file, and had failed to cooperate in the disciplinary investigation. And in *Stark Cty. Bar Assn. v. Marosan*, 106 Ohio St.3d 430, 2005-Ohio-5412, 835 N.E.2d 718, we sanctioned an attorney for neglecting the legal matters of multiple clients, failing to promptly return unearned fees to those clients, failing to maintain a client trust account, and failing to cooperate in the ensuing disciplinary investigation. We accepted the board's recommended sanction of a two-year suspension, with 18 months stayed on conditions, observing that "the respondent's misconduct, while serious, did not involve dishonesty and did not result in irreparable harm to his clients." Id. at ¶ 24.

{¶ 15} Here, respondent has practiced law for more than 20 years without a disciplinary violation, and although serious, his misconduct has not caused irreparable harm to any clients. Therefore, we agree that the appropriate sanction for his misconduct is a two-year suspension, with the last six months stayed on the conditions that he commit no further misconduct and that he make restitution to the clients harmed by his conduct.

**{¶ 16}** Accordingly, Kevin Paul Hallquist is suspended from the practice of law in Ohio for two years. The last six months of his suspension will be stayed on the conditions that he commit no further acts of misconduct and that he make restitution of $1,108 to the clients in Count 1, representing the amount of their unpaid medical bills, and refund the $600 in legal fees he received from the client in Count 2. If he fails to comply with these conditions, the stay will be lifted, and he will serve the full two-year suspension. Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Carol A. Costa, Assistant Disciplinary Counsel, for relator.

_____