## AKRON BAR ASSOCIATION v. GOODLET.

### [Cite as Akron Bar Assn. v. Goodlet, 115 Ohio St.3d 7, 2007-Ohio-4271.]

(No. 2007–0311—Submitted April 17, 2007—Decided August 29, 2007.)

**Per Curiam.**

{¶ 1} Respondent, C. William Goodlet of Akron, Ohio, Attorney Registration No. 0029035, was admitted to the practice of law in Ohio in 1975. On June 9, 1982, this court suspended respondent's license to practice for one year because he mishandled estate funds. See Akron Bar Assn. v. Goodlet (1982), 70 Ohio St.2d 140, 24 O.O.3d 243, 435 N.E.2d 1116. He was reinstated on June 10, 1983.

{¶ 2} This court again suspended respondent's license on August 6, 2003. We ordered a one-year suspension, stayed on conditions, because respondent had dismissed two personal-injury claims without a client's consent, had failed to communicate with the client, and had failed to cooperate in an investigation of that misconduct. See Akron Bar Assn. v. Goodlet, 99 Ohio St.3d 355, 2003-Ohio-3935, 792 N.E.2d 1072.

{¶ 3} The Board of Commissioners on Grievances and Discipline recommends that we now indefinitely suspend respondent's license to practice based on

findings that he neglected three clients' cases and failed to cooperate in the disciplinary investigation. On review, we agree that respondent committed professional misconduct as found by the board and hold that an indefinite suspension is appropriate.

{¶ 4} Relator, Akron Bar Association, charged respondent in a twice-amended complaint with violations of the Code of Professional Responsibility and Gov.Bar R. V(4)(G), which requires a lawyer to cooperate in a disciplinary investigation. The board served the amended complaint by certified mail at respondent's office address on file with the Attorney Registration Section of the Supreme Court. Respondent did not answer, and relator moved for default under Gov.Bar R. V(6)(F). A master commissioner appointed by the board granted the motion, making findings of fact, conclusions of law, and a recommendation. The board adopted the findings of misconduct and recommended sanction.

## Misconduct

{¶ 5} The first complaint charged that respondent had failed to properly represent Kelly M. Douglas. The first amended complaint added allegations that respondent had also failed to properly represent Frank Williams. The second amended complaint added allegations that respondent had further failed to properly represent John Waters.

### *The Douglas Grievance*

{¶ 6} Respondent filed a divorce action for Douglas in July 2003 in the Summit County Domestic Relations Court. The court heard the case in October 2003 as an uncontested divorce hearing. In an order filed on November 4, 2003, the court reminded respondent that he had ten days to file the final entry or the court would schedule another hearing for December 5, 2003.

{¶ 7} Respondent did not file the final entry, and neither he nor Douglas appeared for the December 5 hearing. Several days later, the domestic relations court dismissed the divorce case without prejudice.

{¶ 8} Douglas complained about respondent's neglect to relator. In July 2005, an investigator notified respondent by certified mail of the grievance and asked him to respond to Douglas's allegations. Respondent did not reply. He also did not reply to other certified letters of inquiry that relator's certified grievance committee had sent.

{¶ 9} The board found and we agree that by abandoning Douglas's divorce case, respondent violated DR 1–102(A)(5), which prohibits a lawyer from engaging in conduct prejudicial to the administration of justice, and DR 6–101(A)(3), which prohibits a lawyer from neglecting an entrusted legal matter. Because

respondent did not respond to investigative inquiries, the board found and we agree that respondent also violated Gov.Bar R. V(4)(G).

### The Williams Grievance

{¶ 10} Frank Williams hired respondent in July 2005 to file a divorce action on his behalf and paid $250 to respondent to initiate the proceedings. Williams and respondent met again later that month, and in September 2005, Williams paid respondent another $250. After their second meeting, Williams called and wrote to respondent numerous times; however, respondent never communicated with Williams again.

{¶ 11} Williams wrote to respondent in early 2006, discharged him, and hired another attorney to file his divorce. Later that month, after having been discharged, respondent filed a divorce complaint for Williams without Williams's knowledge. Respondent never answered Williams's many calls and letters inquiring about his file and his $500 fee.

{¶ 12} Williams complained about respondent's neglect to relator. In March 2006, an investigator notified respondent by certified mail of the grievance, asking him to respond to Williams's allegations. Respondent did not reply.

{¶ 13} The board found and we agree that by abandoning Williams's divorce case, respondent violated DR 1–102(A)(5) and 6–101(A)(3). Because respondent did not respond to relator's request for information about Williams's grievance, the board found and we agree that he also violated Gov.Bar R. V(4)(G).

### The Waters Grievance

{¶ 14} John Waters hired respondent in about 1995 to clear a restriction on Waters's North Carolina driver's license that had impeded Waters's efforts to obtain a driver's license in Ohio. Waters understood that respondent had cleared the restriction. Waters then relocated to Florida and, after a number of years, returned to Ohio and tried again to obtain an Ohio driver's license. Ohio authorities denied his application, Waters claims, for the same impediment that he had encountered many years before.

{¶ 15} In November 2005, Waters again hired respondent to help him obtain an Ohio driver's license and paid respondent $500. Waters then tried repeatedly to contact respondent but had no success. Respondent has done nothing for Waters and has neither refunded nor accounted for Waters's $500.

{¶ 16} Waters complained about respondent's neglect to relator. In June 2006, an investigator notified respondent by certified mail of the grievance, asking him to respond to Waters's allegations. Respondent did not reply.

{¶ 17} The board found and we agree that by failing to perform as promised in the Waters case and failing to respond to relator's request for information about Waters's grievance, respondent violated DR 6–101(A)(3) and Gov.Bar R. V(4)(G).

## Sanction

{¶ 18} When imposing sanctions for attorney misconduct, we consider the duties violated, the actual or potential injury caused, the attorney's mental state, and sanctions imposed in similar cases. *Disciplinary Counsel v. Brown* (1999), 87 Ohio St.3d 316, 720 N.E.2d 525. Before making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). Id. See, also, *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, and *Cleveland Bar Assn. v. Glatki* (2000), 88 Ohio St.3d 381, 726 N.E.2d 993.

{¶ 19} Respondent neglected his duty to diligently pursue his clients' claims, causing them financial loss and inconvenience, the very results that they had paid him to prevent. By failing to participate in the process that enforces the high ethical standards of the Ohio bar, despite having been repeatedly notified of his clients' grievances, he also intentionally breached his duty to the legal profession.

{¶ 20} A lawyer's neglect of legal matters and failure to cooperate in the ensuing disciplinary investigation generally warrant an indefinite suspension from the practice of law in Ohio. *Disciplinary Counsel v. Mathewson*, 113 Ohio St.3d 365, 2007-Ohio-2076, 865 N.E.2d 891, ¶ 19. Moreover, no evidence of mitigating factors persuades us to temper this sanction. An indefinite suspension, particularly given the aggravating effect of respondent's disciplinary record, BCGD Proc.Reg. 10(B)(1)(a), is therefore appropriate.

{¶ 21} We indefinitely suspend respondent from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

———————

R. Scott Haley and Ann Marie O'Brien, for relator.