DISCIPLINARY COUNSEL *v.* ITA.

[Cite as *Disciplinary Counsel v. Ita,* 117 Ohio St.3d 477, 2008-Ohio-1508.]

(No. 2007–2298—Submitted January 9, 2008—Decided April 3, 2008.)

**Per Curiam.**

{¶ 1} Respondent, Timothy A. Ita of Seville, Ohio, Attorney Registration No. 0029549, was admitted to the practice of law in Ohio in 1985. The Board of Commissioners on Grievances and Discipline recommends that we publicly reprimand respondent based on findings that he filed an unauthorized claim for damages on behalf of his client's wife and then dismissed the claim with prejudice and without the wife's consent. We agree that respondent committed professional misconduct as found by the board and accept the recommendation of a public reprimand.

{¶ 2} Relator, Disciplinary Counsel, charged respondent with violations of the Code of Professional Responsibility, including DR 1–102(A)(5) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice) and 6–101(A)(2) (a lawyer shall not handle a legal matter without adequate preparation under the circumstances). A panel of the board considered the case on the parties' consent-to-discipline agreement. See Section 11 of the Rules and Regu-

lations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The panel recommended acceptance of the agreement, which included stipulations to the cited misconduct and a joint proposal for a public reprimand. The board adopted the panel's findings of misconduct and recommended sanction.

## Misconduct

{¶ 3} Respondent, an associate of R. Jack Clapp & Associates Company, L.P.A., began representing Brian T. Walker in February 2003, after taking the case over from a lawyer who had left the firm. Walker had been injured in a motor vehicle accident in October 2002 and had retained respondent's firm shortly afterward to file a personal-injury claim for him.

{¶ 4} In preparing the lawsuit, respondent learned from his predecessor's interview notes that Walker had been married at the time of the crash. The notes did not also disclose that Walker, who would later file for divorce, was living separately from his wife at the time of the interview. Respondent did not confirm Walker's marital status before filing suit and never spoke with Walker's wife.

{¶ 5} Respondent filed the Walker complaint on October 20, 2004, and, without obtaining her consent, included Walker's wife as a party for whom he asserted a claim for loss of consortium. The parties then engaged in typical discovery measures, including the defense's deposition of Walker in April 2005. The defense did not depose Walker's wife, however, and no one inquired into the circumstances of Walker's marriage.

{¶ 6} By September 2005, the parties in the Walker case were discussing settlement, and the defense had offered $15,000. In discussing the offer with Walker, respondent explained that both Walker and his wife would be required to sign the settlement agreement. Walker replied that he and his wife were separated and that he did not want her to be a party to the settlement paperwork. Respondent then reviewed the case file and realized for the first time that Walker's wife had not signed a fee agreement with his law firm or, in fact, had had any contact at all with the firm. Respondent advised Walker of this oversight and explained that defendant's counsel would likely require that Walker agree to indemnify the defendant for the loss-of-consortium claim of his estranged wife. Walker agreed.

{¶ 7} In finalizing the settlement, defendant's counsel agreed to pay the $15,000 settlement if Walker dismissed his wife's consortium claim with prejudice and agreed to indemnify the defendant for the potential value of that loss. Respondent accepted those terms on his client's behalf.

{¶ 8} The parties to the Walker case later consummated the settlement, and respondent advised the court of their agreement. To this end, respondent filed on September 6, 2005, an entry of voluntary dismissal with prejudice to forever preclude Walker's wife from asserting loss of consortium attributable to Walker's injuries. Walker later filed for divorce, and in November 2005, his wife discovered not only that she had been a party to his lawsuit but that the court had dismissed her claim with prejudice.

{¶ 9} Respondent never represented Walker's wife. He thus had no authority to file and then dismiss a claim for damages on her behalf. Respondent concedes that he thereby violated DR 1–102(A)(5) and 6–101(A)(2).

## Sanction

{¶ 10} We accept the recommendation to publicly reprimand respondent for the cited misconduct. Respondent failed to investigate his client's marital status and dismissed a consortium claim of undetermined value. No one has suggested, however, that these ill-advised actions resulted from anything other than carelessness. Respondent's lack of any enmity, his heretofore unblemished professional record, his established good character and reputation, and his cooperation in these proceedings persuade us that a warning will suffice in this case.

{¶ 11} We hereby publicly reprimand respondent for his violations of DR 1–102(A)(5) and 6–101(A)(2). Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

Richard C. Alkire Co., L.P.A., Richard C. Alkire, and Dean Nieding, for respondent.