CLEVELAND METROPOLITAN BAR ASSOCIATION *v*. KAPLAN.

[Cite as *Cleveland Metro. Bar Assn. v. Kaplan*,

124 Ohio St.3d 278, 2010-Ohio-167.]

*Attorneys at law — Misconduct — Failure to cooperate in a disciplinary investigation — Failure to act promptly in representing a client — Failure to maintain client financial records — Failure to keep client informed — Indefinite license suspension.*

(No. 2009-1500 — Submitted October 20, 2009 — Decided January 28, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 08-068.

_____

**Per Curiam**.

{¶ 1} Respondent, William Kaplan of Shaker Heights, Ohio, Attorney Registration No. 0030108, was admitted to the Ohio Bar in May 1967. In August 2008, relator, Cleveland Metropolitan Bar Association, filed a complaint charging respondent with violations of the Code of Professional Responsibility and the Ohio Rules of Professional Conduct. Relator served respondent with the complaint, but he did not answer. Therefore, in June 2009, relator moved for default. See Gov.Bar R. V(6)(F).

{¶ 2} The Board of Commissioners on Grievances and Discipline referred the default motion to a master commissioner, who prepared a report for the board's review. The board adopted the master commissioner's findings, including that the materials offered in support of the default motion were sufficient and that respondent had violated Gov.Bar R. V(4)(G) and five of the Rules of Professional Conduct.

**{¶ 3}** In accordance with the master commissioner's report, the board recommends that this court indefinitely suspend respondent's license to practice law based upon its findings that respondent neglected client matters, failed to maintain a record documenting his receipt of a client's fee, failed to promptly comply with a reasonable client requests for information, failed to keep a client reasonably informed about the status of the client's legal matter, and failed to cooperate in a disciplinary proceeding. We agree that respondent committed professional misconduct as found by the board and that his conduct warrants an indefinite suspension.

## Misconduct

### *The Burge Grievance*

**{¶ 4}** On May 21, 2007, Tina Marie Burge filed a grievance with relator alleging that she paid respondent $350 to convert her pending Chapter 13 bankruptcy to a Chapter 7 but that he did not perform the requested service and did not respond to her phone calls. Eventually, respondent did refund her fee. Although respondent sent relator a letter stating that he had suffered a head injury and requested additional time to respond to the Burge complaint, he never filed a written response or met with the investigator to discuss the allegations.

**{¶ 5}** With respect to the Burge matter, the board determined that respondent violated Gov.Bar R. V(4)(G) (no attorney shall neglect or refuse to assist or testify in an investigation or hearing) and Prof.Cond.R. 8.1(b) (a lawyer shall not knowingly fail to respond to a demand for information from a disciplinary authority).

### *The Smith Grievance*

**{¶ 6}** In March 2007, Lateanar Smith retained respondent to file a Chapter 13 bankruptcy on her behalf, provided him with documents relevant to that filing, and paid him $724. After respondent failed to respond to Smith's phone calls in April and May 2007, Smith discharged him by letter dated May 21,

2007, and requested a refund and the return of her documents. On June 5, 2007, respondent left Smith a message stating that he was prepared to file her bankruptcy petition but that he needed her to sign papers. He also asked her to provide a copy of the receipt for her retainer because he could not locate any record of her payment.

{¶ 7} Smith filed a grievance with relator in July 2007. In September 2007, respondent returned Smith's documents. Although respondent appeared at relator's office for his deposition in January 2008, presented a color photocopy of a check for $724 made payable to Lateanar Smith, and stated under oath that he would promptly mail the check to Smith after the deposition, he did not refund her retainer until August 4, 2008.

{¶ 8} Based upon clear and convincing evidence, the board found that respondent violated Prof.Cond.R. 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client), 1.4(a)(4) (a lawyer shall comply as soon as practicable with reasonable requests for information from the client), and 1.15(a) (a lawyer shall maintain a record for each client on whose behalf funds are held) with respect to the Smith matter.

*The Draper Grievance*

{¶ 9} In February 2007, Lavesha Draper retained respondent to file a Chapter 13 bankruptcy plan on her behalf. Although respondent filed the plan, the bankruptcy trustee objected because the plan failed to provide evidence of automobile insurance, and Third Federal Savings & Loan objected because the plan failed to properly account for the debt associated with its mortgage on Draper's home. In response to Third Federal's complaint, respondent moved the bankruptcy court to modify the plan to account for the omitted debt, thereby increasing the monthly withholding from Draper's paycheck without her knowledge. When Draper's payroll-processing company failed to forward her payments to the trustee, the bankruptcy court dismissed the proceeding on April

19, 2007, for failing to fund the plan. Two months later, after Draper informed him that her house was about to be sold at a sheriff's sale, respondent moved the bankruptcy court to reinstate the case. The court denied the motion to reinstate Draper's bankruptcy proceeding and further rejected respondent's effort to convert the bankruptcy to a Chapter 7 proceeding. Respondent failed to inform Draper of these events, and on July 26, 2007, she filed a grievance against him.

{¶ 10} The board determined that clear and convincing evidence demonstrated that respondent violated Prof.Cond.R. 1.3 and 1.4(a)(3) (a lawyer shall keep the client reasonably informed about the status of the matter) with respect to the Draper matter.

### Sanction

{¶ 11} When imposing sanctions for attorney misconduct, we consider relevant factors, including the duties violated by the lawyer in question and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. We also weigh evidence of the aggravating and mitigating factors listed in Section 10(B)(1) and (2) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 12} The board determined that the following aggravating factors exist: (1) a pattern of misconduct involving multiple offenses, BCGD Proc.Reg. 10(B)(1)(c) and (d); (2) a lack of cooperation in the disciplinary process and a refusal to acknowledge the wrongful nature of his conduct, BCGD Proc.Reg. 10(B)(1)(e) and (g); (3) commission of a deceptive practice during the disciplinary process by representing under oath that he would mail a check to Smith refunding her retainer shortly after his deposition, when, in fact he did not mail it until approximately eight months later, BCGD Proc.Reg. 10(B)(1)(f); and

4

(4) no evidence that respondent attempted to make restitution for the financial losses that Draper may have incurred as a result of respondent's misconduct, BCGD Proc.Reg. 10(B)(1)(i).

{¶ 13} In mitigation, the board found that respondent was admitted to the practice of law in 1967 and that he has no prior disciplinary record. BCGD Proc.Reg. 10(B)(2)(a). Additionally, the board noted that respondent had sent a letter to the investigating attorney in October 2007 stating that he had suffered a significant traumatic head injury the previous month and that he had also reported chronic obstructive pulmonary disease, diabetes, and anxiety. However, the board concluded that the record did not demonstrate any link between respondent's medical conditions and his misconduct.

{¶ 14} Relator recommends that we indefinitely suspend respondent from the practice of law.

{¶ 15} "A lawyer's neglect of legal matters and failure to cooperate in the ensuing disciplinary investigation generally warrant an indefinite suspension from the practice of law in Ohio." *Akron Bar Assn. v. Goodlet*, 115 Ohio St.3d 7, 2007-Ohio-4271, 873 N.E.2d 815, ¶ 20; see also *Disciplinary Counsel v. Gosling*, 114 Ohio St.3d 474, 2007-Ohio-4267, 873 N.E.2d 282, ¶ 12; *Cuyahoga Cty. Bar Assn. v. Wagner*, 113 Ohio St.3d 158, 2007-Ohio-1253, 863 N.E.2d 164, ¶ 13-14.

{¶ 16} Here, the record demonstrates by clear and convincing evidence that respondent neglected client matters, failed to maintain a record documenting the receipt of a client's fee, failed to promptly comply with reasonable client requests for information, and failed to cooperate in a disciplinary proceeding, thereby violating Gov.Bar R. V(4)(G) and Prof.Cond.R. 1.3, 1.4(a)(3), 1.4(a)(4), 1.15(a), and 8.1(b)

{¶ 17} Having weighed the aggravating and mitigating factors in this case and having considered the sanctions previously imposed for comparable conduct, we adopt the board's recommended sanction of an indefinite suspension.

Accordingly, William Kaplan is hereby indefinitely suspended from the practice of law in the state of Ohio.  Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Leif B. Cristman and James A. Loeb, for relator.

_____