DISCIPLINARY COUNSEL *v.* MAMICH.

[Cite as *Disciplinary Counsel v. Mamich*,

125 Ohio St.3d 369, 2010-Ohio-1044.]

*Attorneys at law — Misconduct — Conduct prejudicial to administration of justice — Failure to withdraw from representation — Six-month suspension, stayed.*

(No. 2009-2010 — Submitted January 13, 2010 — Decided March 25, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-036.

_____

**Per Curiam.**

{¶ 1} Respondent, Samuel Jay Mamich of Beachwood, Ohio, Attorney Registration No. 0006097, was admitted to the practice of law in Ohio in 1973. The Board of Commissioners on Grievances and Discipline recommends that we suspend respondent's license to practice for six months, with the entire six months stayed, based on findings that he represented a client's daughter in a legal matter without the daughter's knowledge or consent. We accept the board's findings of professional misconduct and the recommendation of a six-month stayed suspension.

{¶ 2} Relator, Disciplinary Counsel, charged respondent with violations of the Rules of Professional Conduct. The parties stipulated to the facts, misconduct, and mitigating factors and jointly recommended that the board impose the sanction of a 12-month suspension, with the suspension stayed on the condition that respondent commit no further misconduct during his suspension. A panel of three board members heard the case and made findings of fact and conclusions of law. The panel dismissed several charges for lack of the requisite

clear and convincing evidence and recommended the six-month stayed suspension. The board adopted the panel's findings of misconduct and recommended sanction.

{¶ 3} The parties have not objected to the board's report.

### Misconduct

{¶ 4} The parties stipulated that in November 2003, a client of respondent applied online for and was issued a bank credit card in his daughter's name without her knowledge or consent. Three years later, the bank sold the debt that had accumulated on the credit card account to John Soliday Financial Group, L.L.C. In February 2007, the new creditor filed a complaint in the Cuyahoga County Court of Common Pleas against the daughter seeking $1,040.80 in principal, $380.96 in accrued interest, and additional interest at the rate of 16 percent per year. The father was not named as a defendant in the case, and when an answer was not filed on behalf of the daughter, the creditor moved for default judgment.

{¶ 5} The father contacted respondent to enter an appearance on behalf of his daughter at a hearing on the motion for default and to defend her in the case. The father advised respondent that he had applied for the credit card in his name and that he had added his daughter's name to the account as an authorized user. Respondent did not learn that the card had been issued solely in the daughter's name until after disciplinary proceedings had begun against him. The father also informed respondent that the debt on the credit card was his and that his daughter knew nothing about the credit card, the default-judgment hearing, or the case.

{¶ 6} Respondent advised the father to contact his daughter so that she could defend herself against the lawsuit, but the father told respondent that his daughter was traveling and that he preferred not to alarm her because it was his debt. Unbeknownst to respondent, the daughter was living in the central Ohio

area during the entire time that the case was pending. Despite knowing that the daughter was not aware of the credit card or the case and that the father did not want to notify her, respondent agreed to appear at the hearing on the daughter's behalf and to defend her in the case. The father also authorized respondent to offer $300 to settle the case.

{¶ 7} As the case progressed, respondent offered the settlement, appeared at the default-judgment hearing and a case-management hearing, and on behalf of the daughter, filed an answer to the complaint and a response to a motion for summary judgment. Respondent did not notify or receive authorization from her for any of these actions.

{¶ 8} In submitting a response to the creditor's motion for summary judgment, respondent attached an affidavit of the father stating that the credit-card debt was his and that his daughter knew nothing about the account or the debt. The father agreed to personally file the response, but his affidavit was not attached to the filed response. Respondent was not aware that the affidavit was not filed with the response until after disciplinary proceedings had commenced.

{¶ 9} In December 2007, the court entered summary judgment in favor of the creditor against the daughter. Respondent notified the father of the court's decision, but he did not notify the daughter. Respondent did not receive any compensation from the father for his services in the case.

{¶ 10} Thereafter, the daughter received notice from her employer that it was withholding wages from her paycheck to satisfy the judgment against her. This was the first time that the daughter learned about the case. She retained an attorney, who filed a motion to vacate the judgment, stay the garnishment, and return the garnished funds. The court temporarily stayed the garnishment after more than $1,000 had been garnished from the daughter's wages.

{¶ 11} Once respondent learned of the daughter's motion to vacate the judgment, he contacted her attorney and told her the entire story and agreed to

testify as a witness on her behalf. In his testimony, respondent admitted that he had appeared in court and filed documents on the daughter's behalf without her knowledge or consent and that he had not contacted her in any way while the case was pending. The court vacated the judgment and ordered that the previously garnished wages be returned to the daughter.

{¶ 12} Respondent admitted that during his representation of his client's daughter in the common pleas court case, he violated Prof.Cond.R. 1.7(a)(2) (incorporated in 1.7(b) [prohibiting a lawyer from continuing to represent a client when there is a substantial risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for that client will be materially limited by the lawyer's responsibilities to a third person]), 1.16(a)(1) (prohibiting a lawyer from representing a client, or when representation has commenced, requiring the lawyer to withdraw from the representation of the client, if the representation will result in a violation of the Rules of Professional Conduct or other law), 5.4(c) (prohibiting a lawyer from permitting a person who recommends, employs, or pays the lawyer to render legal services for another to direct or regulate the lawyer's professional judgment in rendering the legal services), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). We agree with the board that there is clear and convincing evidence that respondent committed these violations.

{¶ 13} Respondent also admitted violations of Prof.Cond.R. 1.2(a) (requiring a lawyer to abide by a client's decision whether to settle a matter), 1.4(a)(1) (requiring a lawyer to inform the client of any decision or circumstance for which the client's informed consent is required), and 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of the matter). We agree with the board, however, that these latter charges have not been established, because they required an attorney-client relationship between respondent and his client's daughter. Manifestly, there was no express attorney-client relationship

between respondent and his client's daughter. Moreover, there was no implied attorney-client relationship because the daughter was unaware of the case and had no reasonable expectation that respondent was representing her. See *Cuyahoga Cty. Bar Assn. v. Hardiman*, 100 Ohio St.3d 260, 2003-Ohio-5596, 798 N.E.2d 369, syllabus ("An attorney-client relationship may be created by implication based upon the conduct of the parties and the reasonable expectations of the person seeking representation"). Therefore, we dismiss these unproven charged violations.

**Sanction**

{¶ 14} When imposing sanctions for attorney misconduct, we weigh the evidence of aggravating and mitigating factors, including those listed in Section 10(B)(1) and (2) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). We also consider other relevant factors, including the sanctions imposed in similar cases. *Cleveland Metro. Bar Assn. v. Kaplan*, 124 Ohio St.3d 278, 2010-Ohio-167, 921 N.E.2d 645, ¶ 11.

{¶ 15} The parties jointly recommended a 12-month stayed suspension conditioned on respondent's committing no further misconduct during his suspension. The board, however, recommends a six-month stayed suspension. For the following reasons, we agree that the board's recommended lesser sanction is appropriate.

{¶ 16} First, the parties' recommendation of a harsher sanction was predicated in part on several disciplinary violations that have been dismissed.

{¶ 17} Second, as the board found, there are no aggravating factors, and there are several mitigating factors – respondent has no prior disciplinary record in an otherwise unblemished legal career of over 35 years, he had no dishonest or selfish motive, and he cooperated fully in the disciplinary investigation. BCGD Proc.Reg. 10(B)(2)(a), (b), and (d). Respondent could have relied on his client's

claimed power of attorney from the daughter, but he was justifiably concerned that his client had falsified it, and he admitted that it was not the basis for his representation of the daughter in the case. And when he learned about his client's deception, respondent testified on the daughter's behalf in support of her motion to vacate the judgment.

{¶ 18} Finally, in comparable cases, we have imposed a lesser sanction. In *Disciplinary Counsel v. Ita*, 117 Ohio St.3d 477, 2008-Ohio-1508, 884 N.E.2d 1073, we publicly reprimanded a lawyer who filed a pleading without the permission of one of his clients. The lawyer, who filed a personal-injury suit on behalf of his client, included a loss-of-consortium claim on behalf of his client's wife even though the lawyer had never communicated with the wife or inquired about her status, when actually, the wife and client had separated. The couple later divorced, and the client ultimately settled his personal-injury claim, dismissed the loss-of-consortium claim with prejudice, and agreed to indemnify the defendant against any potential liability on the loss-of-consortium claim.

{¶ 19} Similarly, in *Columbus Bar Assn. v. Mangan*, 123 Ohio St.3d 250, 2009-Ohio-5287, 915 N.E.2d 651, ¶ 17, we publicly reprimanded a lawyer who had "failed to communicate with clients in a family setting, failed to ascertain their interests, and failed to obtain their informed consent to the multiple representation."

{¶ 20} This case differs from *Ita*, a case cited by relator and the board in this disciplinary case, because the client's daughter here had to employ an attorney to vacate the judgment entered without her knowledge or consent, and her wages were garnished before she knew what had occurred. Consequently, a more severe sanction than a public reprimand is justified.

{¶ 21} Therefore, after considering the pertinent mitigating factors as well as comparable precedent, we agree that the sanction recommended by the board is commensurate with respondent's misconduct. Respondent is hereby suspended

from the practice of law for six months, with the entire six-month period stayed on the condition that respondent commit no further misconduct.  If respondent fails to comply with the terms of the stay, the stay will be lifted, and respondent will serve the six-month suspension.  Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Karen H. Osmond, Staff Attorney, for relator.

Zipkin Whiting Co., L.P.A., and David M. Smith, for respondent.

_____