COLUMBUS BAR ASSOCIATION *v.* BOGGS.

[Cite as *Columbus Bar Assn. v. Boggs,* **129 Ohio St.3d 190, 2011-Ohio-2637.**]

*Attorneys at law — Multiple violations of Rules of Professional Conduct, including failure to provide competent representation and failure to notify clients of lack of professional-liability insurance — Indefinite suspension.*

(No. 2010-1846 — Submitted February 16, 2011 — Decided June 7, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-083.

_____

**Per Curiam.**

{¶ 1} Respondent, Kenneth Ray Boggs of Columbus, Ohio, Attorney Registration No. 0025305, was admitted to the practice of law in Ohio in 1980. In 1988, he was publicly reprimanded by this court. *Columbus Bar Assn. v. Boggs* (1988), 39 Ohio St.3d 601, 529 N.E.2d 936. In 2004, this court imposed a one-year suspension, stayed on conditions, for failing to keep accurate records of client money in his trust account. *Columbus Bar Assn. v. Boggs*, 103 Ohio St.3d 108, 2004-Ohio-4657, 814 N.E.2d 815, ¶ 12, 15.

{¶ 2} On respondent's third appearance before this court, the Board of Commissioners on Grievances and Discipline recommends that we indefinitely suspend respondent's license to practice law. The parties have submitted stipulations of fact and misconduct for some of the allegations, and a panel of the Board of Commissioners on Grievances and Discipline conducted a hearing on the remaining allegations. The panel accepted the parties' agreed stipulations, made additional findings of fact and conclusions of law, and recommended that respondent be suspended from the practice of law for two years, with one year of the suspension stayed, upon conditions including monitoring of his practice. The

board, after citing respondent's disciplinary record and inability to follow ethical rules, recommends that respondent be indefinitely suspended from the practice of law. Respondent filed objections to the findings of fact, conclusions of law, and recommendation made by the board. However, we adopt the board's findings and conclusions that respondent violated ethical standards incumbent on Ohio lawyers. Therefore, we indefinitely suspend respondent's license to practice law in Ohio.

## Misconduct

{¶ 3} On October 12, 2009, relator, Columbus Bar Association, charged respondent in a five-count complaint with numerous violations of the Rules of Professional Conduct.

### *Count 1 (The Miller Matter)*

{¶ 4} Respondent stipulated that in 2007, he met with Miller to discuss her representation in a domestic-relations matter. Respondent and Miller had several phone discussions regarding strategy, and respondent prepared the appropriate documents to initiate divorce proceedings. Miller paid respondent $1,250 in October and executed the appropriate documents. Respondent deposited the money that he received, a portion of which was for anticipated court costs, directly into his business account, rather than into his client trust account.

{¶ 5} After paying the retainer, Miller terminated the representation and asked for a refund. In December 2007, Miller asked relator to help her obtain a refund from respondent. Respondent showed relator proof, in March 2008, that he and Miller had agreed to a refund of $750. To make the refund, respondent deposited money from his regular business account into his trust account and then sent a trust-account check to Miller.

{¶ 6} Respondent also stipulated that he did not maintain professional-liability insurance during the course of his representation of Miller and that he did not advise Miller in writing that he did not carry insurance.

**{¶ 7}** The parties have stipulated and we agree that, as alleged in the complaint, respondent's conduct violated Prof.Cond.R. 1.4(c) (requiring a lawyer to inform the client if the lawyer does not maintain professional-liability insurance) and 1.15(a) (requiring a lawyer to hold property of a client separate from the lawyer's own property) and (c) (requiring a lawyer to deposit into a client trust account legal fees and expenses that have been paid in advance). Because relator did not present any evidence of the charged violation of Prof.Cond.R. 1.15(d) (requiring a lawyer, upon request, to promptly render a full accounting of funds or property in which a client has an interest), the panel and board treated the allegation as dismissed. We concur and dismiss the charge.

*Count 2 (The Goheen Matter)*

**{¶ 8}** In January 2008, Goheen paid respondent $1,300 to represent her in a bankruptcy case. At that time, Goheen provided the necessary information to complete the bankruptcy forms. Respondent deposited the entire fee into his business account. Goheen executed the necessary forms but failed to complete the required consumer-credit counseling and debtor-education briefing required by the bankruptcy court. In June 2008, Goheen terminated the representation and requested a return of the fees she had paid to respondent. Respondent issued a refund check for $1,300 from his business account.

**{¶ 9}** Respondent did not maintain professional-liability insurance during the course of his representation of Goheen and did not advise her in writing that he did not carry insurance.

**{¶ 10}** The parties stipulated, and we agree, that respondent's conduct violated Prof.Cond.R. 1.4(c) and 1.15(a) and (c). Because relator did not present any evidence of the charged violations of Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), the panel and board treated the allegations as dismissed. We concur and dismiss the charges.

*Count 3 (The Stevens Matter)*

**{¶ 11}** The panel found that relator failed to prove by clear and convincing evidence any of the alleged violations of the Rules of Professional Conduct in count 3 of the complaint. The panel treated the violations alleged in this count as dismissed. The board adopted the findings. We agree and dismiss the charges relating to count 3.

*Count 4 (The Dotters Matter)*

**{¶ 12}** Dotters met with respondent in January 2007 to discuss matters involving the death of her father, his probate estate, and related issues regarding her father's girlfriend. Dotters retained respondent and paid him $9,700 as a retainer, which he stipulated that he deposited in his operating account. Respondent also stipulated that there was no written fee agreement. When Dotters asked for a written statement of the time spent on the case and a refund of any unused money, respondent told her that the entire retainer had been exhausted. Although respondent performed some work on the case, he never filed a legal action on her behalf and never produced an accounting for the time spent on the case.

**{¶ 13}** Respondent stipulated that his conduct violated Prof.Cond.R. 1.15(a) and (c). In addition, the panel and board found that respondent also violated Prof.Cond.R. 1.1 (failing to provide competent representation), 1.3 (failing to act with diligence and promptness), 1.4(a)(3) (failing to keep a client reasonably informed about the status of a matter), 1.5(a) (charging a clearly excessive fee), and 8.4(h) (engaging in conduct reflecting adversely on the lawyer's fitness to practice law). The panel and board treated as dismissed an allegation that respondent had violated Prof.Cond.R. 1.15(d) (requiring a lawyer to promptly deliver funds or other property that the client is entitled to receive) because it was not proven by clear and convincing evidence.

**{¶ 14}** Respondent has filed objections, arguing that the findings made by the panel and adopted by the board were insufficient to establish by clear and

convincing evidence any violations that were not stipulated, and thus the findings were erroneous as a matter of law. We disagree.

{¶ 15} "We will defer to a panel's credibility determinations in our independent review of discipline cases unless the record weighs heavily against those determinations." *Disciplinary Counsel v. Heiland*, 116 Ohio St.3d 521, 2008-Ohio-91, 880 N.E.2d 467, ¶ 39, citing *Cincinnati Bar Assn. v. Statzer*, 101 Ohio St.3d 14, 2003-Ohio-6649, 800 N.E.2d 1117, ¶ 8. The panel found that Dotters was very credible and set out evidence in support of that finding. There was evidence that Dotters paid respondent $9,700 to assist her in an estate matter. Respondent never provided Dotters with an explanation of how the money was spent, with an engagement letter, or with an accounting of the hours that he had worked or the services that he had provided to Dotters. We agree with the panel's and board's findings, dismiss the allegation of violating Prof.Cond.R. 1.15(d), and conclude that the remaining violations were proven by clear and convincing evidence.

*Count 5 (The Peacock Matter)*

{¶ 16} After respondent and Peacock met in November 2007 to discuss Peacock's alleged wrongful termination of employment, Peacock paid respondent $4,000 to review substantial records and pursue a case for wrongful termination. Respondent deposited the money into an account other than his client trust account.

{¶ 17} Peacock, on respondent's advice, pursued administrative remedies and arbitration through the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission ("EEOC"). During the arbitration proceedings, Peacock was represented by his union; under Peacock's employment contract and union agreement, respondent was not permitted to represent Peacock at the arbitration hearing. Respondent did offer advice and his assistance to the union representative, but he was told that that was the extent of what was allowed.

Peacock alleged that respondent did not return his calls during the EEOC and civil-rights actions.

**{¶ 18}** Following arbitration, Peacock was returned to his job without back pay or benefits. Respondent then advised his client that based upon his review of the case and law, the arbitration award was not reversible and there was nothing more he could do. He also told Peacock that he would not refund any of the fee that was paid. Respondent did not provide Peacock an accounting of the time spent during the course of the representation.

**{¶ 19}** Respondent did not maintain professional-liability insurance during the representation, and he did not inform Peacock of that fact in writing.

**{¶ 20}** Respondent stipulated, and the panel and board found, that his conduct violated Prof.Cond.R. 1.4(a)(3) and (c). The panel treated the allegation of violating Prof.Cond.R. 1.15(d) as dismissed because it was not proven by clear and convincing evidence.

**{¶ 21}** In addition, the panel concluded that respondent violated Prof.Cond.R. 1.1, 1.3, 1.5(a). 1.15(c), and 8.4(h). Respondent objected to the findings, arguing that there was insufficient evidence to support the violations found by the panel and adopted by the board. The panel concluded, based on the evidence, that once respondent took Peacock's retainer, he did little, if any, work. Further, the panel concluded that Peacock had had an extremely difficult time finding out what, if anything, respondent was doing on his case.

**{¶ 22}** The board adopted the panel's findings of fact and misconduct. We agree, and conclude that respondent violated Prof.Cond.R. 1.1, 1.3, 1.4(a) and (c), 1.5(a). 1.15(c), and 8.4(h). We dismiss the allegation of violating Prof.Cond.R. 1.15(d).

### Aggravation and Mitigation

**{¶ 23}** The panel and board found the following aggravating factors pursuant to the Rules and Regulations Governing Procedure on Complaints and

Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."): respondent has been previously disciplined twice, BCGD Proc.Reg. 10(B)(1)(a); he exhibited a dishonest or selfish motive by taking excessive fees from Dotters and Peacock and failing to make restitution, BCGD Proc.Reg. 10(B)(1)(b) and he engaged in a pattern of misconduct involving four different clients and multiple offenses, BCGD Proc.Reg. 10(B)(1)(c) and (d).

**{¶ 24}** In mitigation, the only factor found by the panel and board in respondent's favor was that he had made full disclosure to the board and exhibited a cooperative attitude toward the proceedings. BCGD Proc.Reg. 10(B)(2)(d). Despite this finding, the panel and board were concerned that respondent took large sums of money from two of his clients and could neither document nor demonstrate to the clients the work that was done.

## Sanction

**{¶ 25}** When imposing sanctions for attorney misconduct, we consider all relevant factors, including the duties violated by the lawyer in question and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli,* 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. Before making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10. See *Lake Cty. Bar Assn. v. Troy,* 121 Ohio St.3d 51, 2009-Ohio-502, 901 N.E.2d 809, ¶ 11.

**{¶ 26}** We have identified respondent's breaches of his duties to his clients, the legal profession, and the judicial system. Respondent urges us to adopt the sanction recommended by the panel that he be suspended from the practice of law for two years, with one year of that suspension stayed on conditions. The board, however, recommends that respondent be indefinitely suspended from the practice of law. We adopt the recommendation of the board.

**{¶ 27}** The panel pointed to two cases with facts that are similar to the ones in the case at bar. In *Disciplinary Counsel v. Wise*, 108 Ohio St.3d 381,

2006-Ohio-1194, 843 N.E.2d 1198, this court concluded that the respondent's extended misuse of his client trust account, his failure to maintain or produce adequate records documenting account deposits and withdrawals, his multiple overdrafts from the trust account, and his lack of cooperation and candor during the disciplinary process warranted an indefinite suspension. Id. at ¶ 16. In *Wise*, as in this case, the respondent had been the subject of a prior suspension. Id. at ¶ 1. Although respondent has been more cooperative in the disciplinary process than Wise was, respondent has committed multiple acts of misconduct.

{¶ 28} We issued an indefinite suspension in *Wise* and emphasized the importance of maintaining personal and office accounts separate from client accounts: "[I]t is 'of the utmost importance that attorneys maintain their personal and office accounts separate from their clients' accounts' and * * * any violation of that rule 'warrants a substantial sanction whether or not the client has been harmed.' [*Erie-Huron Counties Joint Certified Grievance Commt. v.*] *Miles* [(1996)] 76 Ohio St.3d [574] at 577, 669 N.E.2d 831. * * * [T]he 'mishandling of clients' funds either by way of conversion, commingling, or just poor management, encompasses an area of the gravest concern of this court in reviewing claimed attorney misconduct.' *Columbus Bar Assn. v. Thompson* (1982), 69 Ohio St.2d 667, 669, 23 O.O.3d 541, 433 N.E.2d 602." Id. at ¶ 15.

{¶ 29} In *Cleveland Metro. Bar Assn. v. Kaplan*, 124 Ohio St.3d 278, 2010-Ohio-167, 921 N.E.2d 645, the respondent had neglected client matters, failed to maintain a record documenting the receipt of a client's fee, failed to promptly comply with reasonable client requests for information, and failed to cooperate in the disciplinary proceeding. Id. at ¶ 16. We concluded that these actions merited an indefinite suspension. Kaplan had no prior disciplinary record in 43 years of practice, but he did fail to respond to the complaint.

{¶ 30} In his objections, respondent agrees that a two-year suspension with one year stayed is warranted, but he points to various cases with lesser

sanctions to argue against an indefinite suspension. The cases cited by respondent are not comparable to the case at bar. First, we note that this is respondent's third disciplinary action before this court. Respondent argues that his cooperation in the disciplinary proceedings is a reason to give him a lesser sanction, but, as relator notes, however contrite and cooperative respondent may be when facing ethics charges, he still has not rectified his unprofessional conduct. Relator also argues that respondent's trust-account violations are more serious than those in his preceding disciplinary action in 2004. We agree. Respondent still lacks the ability to represent clients appropriately, even though he has previously been disciplined for misconduct similar to the charges he is now facing. Thus, an indefinite suspension is appropriate in order to properly protect the public from further misconduct by respondent.

{¶ 31} Having weighed the aggravating and mitigating factors in this case and having considered the sanctions previously imposed for comparable conduct, we adopt the board's recommended sanction of an indefinite suspension.

{¶ 32} Accordingly, we indefinitely suspend Kenneth Ray Boggs from the practice of law. We condition any future reinstatement on the submission of proof that respondent has completed 12 hours of continuing legal education in law-office management in addition to the continuing-legal-education requirements of Gov.Bar R. X. In addition, respondent is required to prove that he has made restitution, within 90 days of this order, of $9,700 to the client discussed in count 4 and $4,000 to the client discussed in count 5. Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Michael L. Close, Bruce A. Campbell, and A. Alysha Clous, for relator.

Kenneth Ray Boggs, pro se.

_____