COLUMBUS BAR ASSOCIATION *v.* TROXELL.

[Cite as *Columbus Bar Assn. v. Troxell,* 129 Ohio St.3d 133, 2011-Ohio-3178.]

*Attorneys at law — Misconduct — Multiple violations of the Code of Professional Conduct — Indefinite license suspension.*

(No. 2010-2248 — Submitted February 16, 2011 — Decided July 6, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-007.

_____

**Per Curiam**.

{¶ 1}  Respondent, Richard Hollingsworth Harold Troxell of Hilliard, Ohio, Attorney Registration No. 0066395, was admitted to the practice of law in Ohio in 1996.

{¶ 2}  On February 8, 2010, relator, Columbus Bar Association, filed a three-count complaint charging respondent with professional misconduct arising from his alleged neglect of client matters, failure to provide competent representation, failure to reasonably communicate with his clients or respond to their demands for information, failure to give notice of, account for, and deliver funds in which a client or third person has an interest, and failure to respond to the resulting disciplinary investigations.

{¶ 3}  Respondent was served with relator's complaint by certified mail on February 19, 2010, and relator's counsel went to respondent's home and advised him that relator would seek a default judgment if respondent did not cooperate.  Because respondent did not file an answer or otherwise appear in the action, relator filed a motion for default judgment pursuant to Gov.Bar R. V(6)(F).  In support of that motion, relator submitted the affidavit of its counsel and two of the three clients affected by respondent's conduct, sworn copies of relator's correspondence, and the transcript of an attempted deposition.

**{¶ 4}** A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted relator's motion, making findings of fact and misconduct and recommending that respondent be indefinitely suspended from the practice of law. The board adopted the master commissioner's report in its entirety. We adopt these findings of fact and misconduct and indefinitely suspend respondent from the practice of law in Ohio.

## Misconduct

### Count One

**{¶ 5}** In January 2004, a man retained respondent to represent him in a personal-injury action. After four years, respondent settled the client's case for $236,000, from which he deducted his one-third fee, paid the client's subrogated medical expenses, and retained $15,000 to cover any lien that Medicare might have on the settlement proceeds. Respondent has not provided the client with an accounting or returned the remaining $15,000 and has not responded to the client's efforts to reach him by letter or telephone.

**{¶ 6}** Relator sent respondent a letter of inquiry regarding the client's grievance on August 6, 2008, and followed up with letters in September and October, but respondent did not respond. In response to relator's November 2008 mailing of a notice of deposition and request for production of documents, respondent sent a three-page letter addressing some aspects of the client's grievance. The day before the scheduled deposition, respondent called and agreed to provide documentation relating to the client's case. Consequently, relator canceled the deposition. However, respondent never provided the requested documents and failed to attend a second scheduled deposition.

**{¶ 7}** The board found, and we agree, that respondent's conduct violated Prof.Cond.R. 1.4 (requiring a lawyer to reasonably communicate with a client), 1.15(d) (requiring a lawyer to promptly deliver funds or other property that the client is entitled to receive), 8.1(b) (prohibiting a lawyer from knowingly failing

to respond to a demand for information by a disciplinary authority during an investigation), 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

*Count Two*

**{¶ 8}** In the spring of 2007, a second client retained respondent to represent him for injuries he had received in an automobile accident. Despite the client's repeated attempts to contact respondent, he has not heard from respondent since early 2008. In July 2009, a claims adjuster for the tortfeasor's insurance company informed the client that respondent had settled his claim for $4,000 in May 2008, but that the settlement check had never been cashed and an executed release had never been returned. The client eventually settled his claim with the tortfeasor's insurance company without the assistance of legal counsel.

**{¶ 9}** Respondent has not responded to relator's letters of inquiry regarding this matter, has failed to appear for a properly noticed deposition, and has not responded to relator's request for production of documents.

**{¶ 10}** The board found that respondent's conduct with respect to this count violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4, 1.15(d), and 8.4(h), as well as 8.1(b) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation).

**Count Three**

**{¶ 11}** On April 2, 2009, relator sent a letter to respondent at the address on file with the Office of Attorney Registration seeking his response to a grievance filed by a third client. That letter was returned by the postal service marked "Troxell law office box closed[,] unable to forward[,] return to sender." When relator had not received a response by April 30, 2009, it sent a second

3

demand for a response via certified mail. That letter was returned marked, "Return to sender[,] unclaimed[,] unable to forward." On May 21, 2009, relator sent a notice of deposition and request for production of documents regarding this grievance and the grievances discussed in counts one and two above, by certified mail to respondent's home and business addresses. Respondent signed for the letter sent to his business address, but the envelope sent to his home address was returned unclaimed. Respondent did not appear for the deposition.

{¶ 12} Unable to obtain an affidavit from the third grievant, relator moved to dismiss the alleged violations related to the underlying grievance. Notwithstanding the grievant's decision to withdraw her grievance, the board found that respondent had ignored relator's request for information and did not file an answer regarding the allegations in the complaint. Therefore, it found by clear and convincing evidence that respondent had violated Prof.Cond.R. 8.1(b) and Gov.Bar R. V(4)(G). We adopt these findings of fact and misconduct.

**Sanction**

{¶ 13} In recommending that respondent be indefinitely suspended from the practice of law, the master commissioner and board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). See *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16.

{¶ 14} They found, as aggravating factors, that respondent had acted with a dishonest or selfish motive, engaged in multiple offenses, failed to cooperate in the disciplinary process, refused to acknowledge the wrongful nature of his conduct, caused harm to vulnerable clients, and failed to make restitution. See BCGD Proc.Reg. 10(B)(1)(b), (d), (e), (g), (h), and (i). The only mitigating factor

they found was that respondent has no prior disciplinary record. See BCGD Proc.Reg. 10(B)(2)(a).

{¶ 15} Respondent has failed to provide an accounting or deliver funds in which a client has an interest, has failed to provide competent representation, has failed to act with reasonable diligence, and has failed to respond to three separate disciplinary investigations. By engaging in this conduct, he has violated his duties to his clients, the public, and the legal profession.

{¶ 16} The board concluded that an indefinite suspension is appropriate, applying the rule that " '[a] lawyer's neglect of legal matters and failure to cooperate in the ensuing disciplinary investigation generally warrant an indefinite suspension from the practice of law in Ohio,' " *Cleveland Metro. Bar Assn. v. Kaplan*, 124 Ohio St.3d 278, 2010-Ohio-167, 921 N.E.2d 645, ¶ 15, quoting *Akron Bar Assn. v. Goodlet*, 115 Ohio St.3d 7, 2007-Ohio-4271, 873 N.E.2d 815, ¶ 20. See also *Disciplinary Counsel v. Mathewson*, 113 Ohio St.3d 365, 2007-Ohio-2076, 865 N.E.2d 891, ¶ 19. Having reviewed the record, weighed the aggravating and mitigating factors, and considered the sanctions imposed for comparable conduct, we agree that an indefinite license suspension is the appropriate sanction in this case.

{¶ 17} Accordingly, Richard Hollingsworth Harold Troxell is indefinitely suspended from the practice of law in the state of Ohio. Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Bruce A. Campbell, Bar Counsel, A. Alysha Clous, Assistant Bar Counsel, Anne Valentine, and Paul Leithart II, for relator.

_____