[Cite as *Lake Cty. Bar Assn. v. Troy,* 130 Ohio St.3d 110, 2011-Ohio-4913.]

**LAKE COUNTY BAR ASSOCIATION *v.* TROY.**

[Cite as *Lake Cty. Bar Assn. v. Troy,* **130 Ohio St.3d 110, 2011-Ohio-4913.**]

*Attorneys at law—Misconduct—Multiple violations of the Rules of Professional Conduct and refusal to cooperate—Indefinite license suspension.*

(No. 2011-0697—Submitted June 21, 2011—Decided September 29, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-018.

_____

**Per Curiam.**

{¶ 1} Respondent, Bartley J. Troy of Mentor, Ohio, Attorney Registration No. 0031600, was admitted to the practice of law in Ohio in 1981. In February 2009, we suspended respondent's license for one year, with six months stayed on conditions, for violating three Disciplinary Rules. *Lake Cty. Bar Assn. v. Troy*, 121 Ohio St.3d 51, 2009-Ohio-502, 901 N.E.2d 809. His license remains suspended for his failure to register with the Office of Attorney Registration for the Supreme Court.

{¶ 2} On February 8, 2010, relator, the Lake County Bar Association, filed a three-count complaint with the Board of Commissioners on Grievances and Discipline. The complaint charged respondent with professional misconduct based on his alleged neglect of client matters, failure to provide competent representation, failure to keep clients informed about their cases, dishonest conduct, and failure to cooperate with or respond to the resulting disciplinary investigations. In investigating the complaint, counsel for relator made at least six attempts to contact respondent and discuss the allegations. Respondent did not reply to any of these contacts.

{¶ 3} The Board of Commissioners on Grievances and Discipline twice attempted to serve respondent with a copy of the complaint by certified mail at the

address he had registered with the Office of Attorney Registration and a subsequent address, but the letter was returned unclaimed. Therefore, the clerk of the Supreme Court of Ohio accepted service on respondent's behalf on April 12, 2010, in accordance with Gov.Bar R. V(11)(B). Respondent again failed to respond, and on July 6, 2010, relator filed a motion for default in accordance with Gov.Bar R. V(6)(F), supported by affidavits of counsel, affidavits of the three affected clients, and other supporting materials.

{¶ 4} The board referred the motion to a master commissioner, who granted the motion, made findings of misconduct, and recommended respondent's indefinite suspension from the practice of law and payment of restitution. The board adopted the master commissioner's report in its entirety. We adopt the board's findings of facts and misconduct, order restitution, and indefinitely suspend respondent from the practice of law in Ohio.

**Misconduct**

*Count One*

{¶ 5} In March 2006, Adrienne Merrill engaged respondent in a divorce proceeding and paid him a $600 retainer. Respondent had the parties sign certain documents that he was to file, along with documents to establish the paternity of Merrill's minor child. About two years later, respondent asked for and received an additional $650 to finalize the proceedings.

{¶ 6} A few months later, having tried repeatedly and unsuccessfully to contact respondent, Merrill learned from the court that legal proceedings had not been initiated. She eventually tracked down respondent, who had moved in with his father. He told her that he had referred the matter to an attorney who would complete the case for no charge. When Merrill contacted this other attorney, however, she learned that there had been no referral and that the attorney could not handle her case.

*Count Two*

**{¶ 7}** In February 2007, Kathryn Burke-Rosales retained respondent to represent her in a divorce. She eventually paid him $2,270 in retainers and other fees, including a payment to obtain a paternity test. After receiving this last payment, respondent ceased answering the client's communications. Burke-Rosales then discovered that despite the payments, no filings had been made on her behalf. And despite her requests, respondent did not deliver to her the results of the paternity test that she had paid for.

*Count Three*

**{¶ 8}** Respondent's misconduct in the representation that resulted in the 2009 license suspension spawned a malpractice action against him. The client, Lacraica Barritt, won a judgment for $44,700. Respondent's insurer, however, advised Barritt's counsel that it could not pay the claim, because respondent had not maintained professional-liability insurance. While he had carried a policy in a prior year, he had not reported any potential claims during the policy's effective dates. Respondent had never informed the client that he lacked professional-liability insurance.

**{¶ 9}** The board concluded that the conduct described above violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation), 1.3 (requiring a lawyer to act with reasonable diligence and promptness in representing a client), 1.4 (requiring a lawyer to keep a client informed about the status of matters for which he or she was engaged), and 8.4(c) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation). The board also concluded that respondent violated Gov.Bar R. V(4)(G) by neglecting or refusing to assist or testify in a disciplinary investigation. We agree with the board's findings.

**Sanction**

**{¶ 10}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the duties the lawyer violated, the lawyer's mental

3

state, and sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. Because each disciplinary case is unique, we are not limited to the factors specified in the rule but may take into account "all relevant factors" in determining what sanction to impose. BCGD Proc.Reg. 10(B).

{¶ 11} The board recommended that respondent be indefinitely suspended from the practice of law. As aggravating factors, the board found that respondent had demonstrated a pattern of misconduct, engaged in multiple offenses, harmed vulnerable clients, failed to cooperate in the disciplinary process, and failed to make restitution. See BCGD Proc.Reg. 10(B)(1)(c), (d), (e), (g), (h), and (i).

{¶ 12} As to mitigating factors, the board stated that respondent had no prior disciplinary record besides an attorney-registration suspension. As noted above, however, that was not the extent of respondent's disciplinary record; he received a one-year suspension in February 2009 for neglecting an entrusted legal matter and other misconduct.

{¶ 13} The board's recommended sanction is appropriate in this case. " 'A lawyer's neglect of legal matters and failure to cooperate in the ensuing disciplinary investigation generally warrant an indefinite suspension from the practice of law in Ohio.' " *Cleveland Metro. Bar Assn. v. Kaplan*, 124 Ohio St.3d 278, 2010-Ohio-167, 921 N.E.2d 645, ¶ 15, quoting *Akron Bar Assn. v. Goodlet*, 115 Ohio St.3d 7, 2007-Ohio-4271, 873 N.E.2d 815, ¶ 20; *Columbus Bar Assn. v. Troxell*, 129 Ohio St.3d 133, 2011-Ohio-3178, 950 N.E.2d 555, ¶ 16. See also, e.g., *Columbus Bar Assn. v. Van Sickle*, 128 Ohio St.3d 376, 2011-Ohio-774, 944 N.E.2d 677, ¶ 16 (requiring payment of restitution). The record, the balance of

aggravating and mitigating factors, and precedent all support the board's recommendation.

**{¶ 14}** Accordingly, Bartley J. Troy is indefinitely suspended from the practice of law in the state of Ohio and is ordered to pay restitution. Within 30 days, he shall pay restitution as follows: to Adrienne Merrill, $2,000; to Kathryn Burke-Rosales, $2,270; and to Lacraica Barritt, $44,700. Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

James Koerner, for relator.

_____